1
2
3
4                    UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF WASHINGTON
5                           AT TACOMA

6   JEFFERY VALE, et. al.,
                                            Case No. 2:23-cv-01095-TLF
7                        Plaintiffs,
                                            ORDER ON DEFENDANTS'
8          v.                               MOTION TO DISMISS

9   CITY OF SEATTLE, et. al.,

                         Defendants.
10

11         This matter comes before the Court on Defendants the City of Seattle ("City");

12  City Fire Department ("Fire Department") Chief Harold Scoggins ("Chief Scoggins");

13  former Seattle mayor Jenny Durkan ("Mayor Durkan"); former Human Resources

14  Director of the Fire Department Andrew Lu ("Mr. Lu"); and current Human Resources

15  Director of the Fire Department Sarah Lee ("Ms. Lee") (collectively "Defendants") motion

16  to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See*

17  Dkt. 19. The Court held oral argument on December 1, 2023.

18         For the following reasons, the Court finds there are deficiencies in Plaintiffs'

19  complaint that must be addressed; the Court will allow time for filing an amended

20  complaint as a component of the case scheduling order.

21         "Under Ninth Circuit case law, district courts are only required to grant leave to

22  amend if a complaint can possibly be saved. Courts are not required to grant leave to

23  amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.

24
25

2000). *See also, Smith v. Pac. Properties & Dev. Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497(9th Cir. 1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). While there are deficiencies in Plaintiffs' complaint, the Court does not find that it would be futile to amend; thus, Plaintiffs will be granted leave to amend their complaint. The Court will determine a date on which Plaintiffs must file their amended complaint when the scheduling order is finalized, after the upcoming  hearing on December 18, 2023. *See* Dkt. 27.

## BACKGROUND

The facts alleged in the complaint (Dkt. 1) are assumed to be true only for the purposes of reviewing this motion. *Cedar Point Nursery v. Shiroma*, 923 F.3d 524, 530 (9th Cir. 2019).

Plaintiffs, who comprise of 38 individuals, are current or former employees of the Fire Department. *See* Dkt. 1 at ¶1. On August 9, 2021, Defendant Mayor Durkan issued Mayoral Directive #9, which required all City employees to be vaccinated against COVID-19 by October 18, 2021, unless a religious or medical exemption applied. *See id.* at ¶78-79. Of the 38 Plaintiffs, 34 applied for an exemption based on religious beliefs. *See id.* at 54. While some Plaintiffs retired or resigned from employment with the Fire Department following implementation of the vaccine requirement, others were terminated or are still employed. *Id.* at ¶ 1; ¶ 49 at f.1; ¶ 54 at f.2.

On July 20, 2023, Plaintiffs filed this lawsuit alleging that the City's requirement that all employees be vaccinated against COVID-19 violated several federal and state

laws: (1) Washington Law Against Discrimination – Perceived Physical Disability; (2) Deprivation of Privacy, WA Const. Art. I, Sec. 7; (3) Deprivation of Life, Liberty, or Property; U.S. Const. Am. V., Am. XIV; WA Const. Art. I, Sec. 3; (4) Equal Protection Clause of the WA Const. Art. I, Sec. 3; (5) Deprivation of Religious Freedom, WA Const. Art. I, Sec. 11; (6) Wage Theft; (7) Breach of Contract, U.S. Const. Art. I, Sec. 10, Cl. 1; Wash. Const. Art. I, Sec. 23.; (8) Washington Law Against Discrimination – Failure to Accommodate; (9) Washington Law Against Discrimination – Disparate Impact; (10) First Amendment of the United States Constitution – Free Exercise; (11) Right to be Free from Arbitrary and Capricious Action; (12) Public Policy Tort Claim Against Religious Discrimination; and (13) "Takings Clause", U.S. Const. Amend V; Wash. Const. Art. 1, Sec. 16. *Id.* at ¶¶ 453-582. Plaintiffs seek monetary damages against Defendants.

Defendants move for dismissal of Plaintiffs' complaint and assert the complaint fails to comply with Federal Rule of Civil Procedure ("FRCP") 8.

Defendants also argue that each of the individual Defendants should be dismissed because the allegations against them do not meet the requirements of FRCP 8; they are immune from suit under the doctrine of qualified immunity; and because their acts or omissions were in their "official capacit[ies]" and those claims would be redundant when Plaintiffs have also sued the City as an entity.

## STANDARD OF REVIEW

A.  Federal Rule of Civil Procedure 12(b)(6)

The Court's review of a motion to dismiss under FRCP 12(b)(6) is limited to the complaint and documents incorporated into the complaint by reference. *Khoja v.*

1   *Orexigen Therapeutics Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of Los*

2   *Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A motion to dismiss may be granted only if

3   plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to

4   relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545

5   (2007).

6
> To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to "state a claim to relief that is plausible on its
> face." A claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged. The plausibility standard is
> not akin to a probability requirement, but it asks for more than a sheer
> possibility that a defendant has acted unlawfully.

10  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

12      A complaint must contain a "short and plain statement of the claim showing that

13  the pleader is entitled to relief." FRCP 8(a)(2). "Specific facts are not necessary; the

14  statement need only give the defendant fair notice of what the ... claim is and the

15  grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal

16  citations omitted). However, the pleading must be more than an "unadorned, the-

17  defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

18      While the Court must accept all the allegations contained in the complaint as

19  true, the Court does not accept as true a "legal conclusion couched as a factual

20  allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by

21  mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Development*

22  *Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "A district court abuses its discretion by

23  denying leave to amend unless amendment would be futile or the plaintiff has failed to

24

25

ORDER ON DEFENDANTS' MOTION TO DISMISS - 4

1  cure the complaint's deficiencies despite repeated opportunities." *AE ex rel. Hernandez*

2  *v. County of Tulare,* 666 F.3d 631, 636 (9th Cir. 2012).

3          In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show:

4  (1) they suffered a violation of rights protected by the Constitution or created by federal

5  statute, and (2) the violation was proximately caused by a person acting under color of

6  state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in

7  a § 1983 claim is therefore to identify the specific constitutional or statutory right

8  allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second

9  prong, a plaintiff must allege facts showing how individually named defendants caused,

10  or personally participated in causing, the harm alleged in the complaint. *See Arnold v.*

11  *IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

12                                      **DISCUSSION**

13     A.  Federal Rule of Civil Procedure 8

14     As stated above, under FRCP 8, a pleading must contain a short and plain

15  statement of the claim showing that the pleader is entitled to relief. The pleading must

16  be "simple, concise, and direct. " FRCP 8(e).

17     Defendants take issue with the length of Plaintiffs' complaint, which is 110 pages

18  plus 106 exhibits. Given the number of Plaintiffs in this case, the Court does not find

19  issue with the length of the complaint in and of itself; rather, it is the number of exhibits

20  that the Court finds should be significantly more limited at this stage.

21     Generally, when assessing the sufficiency of a complaint under Rule 12(b)(6), the

22  Court may not consider material outside the pleadings. *Lee v. City of Los Angeles*, 250

23  F.3d 668, 688 (9th Cir. 2001); *see also* Fed. R. Civ. P. 12(d). "There are two exceptions

24

25

to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

Rule 201 of the Federal Rules of Evidence permits courts to take judicial notice of "adjudicative fact[s]" that are "not subject to reasonable dispute," meaning the fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)–(b). Courts, however, cannot take judicial notice of *disputed* facts contained in documents susceptible to judicial notice. *See Khoja*, 899 F.3d at 999. Thus, courts must "clearly specify" the fact or facts being judicially noticed. *Id.*

"Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Id.* at 1002. The doctrine is designed to prevent plaintiffs "from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.*

A document may be incorporated by reference into a complaint if it either:

- "forms the basis of [a] plaintiff's claim" or

- is referred to "extensively" by the plaintiff. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). For a reference to be sufficiently "extensive," a document

should be referred to "more than once." *Khoja*, 899 F.3d at 1003. But "a single

reference" could, in theory, satisfy the standard if the reference is "relatively

lengthy." *Id.*

Generally, and unlike judicial notice, district courts "may assume [an incorporated

document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."

*Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quoting *Ritchie*, 342 F.3d at 908). It

is improper, however, for courts "to assume the truth of an incorporated document if

such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*,

899 F.3d at 1003. Thus, courts must be cautious when drawing inferences from

incorporated documents. *Id.*

Plaintiffs, in this case, attached over 100 exhibits to their complaint. It appears that

some of the documents would not be either incorporated by reference, or subject to

judicial notice. The parties are ordered to meet and confer on which documents would

appropriately be incorporated by reference, or subject to judicial notice, and would be

consistent with Rule 8's requirement of a short and plain statement – in an effort to

avoid further delay and the possibility of another motion to dismiss an amended

complaint. The Court will determine a deadline for this meet and confer during the

scheduled conference on December 18, 2023.

B.  Qualified Immunity

Defendants contend the individual defendants are immune from suit under the

doctrine of qualified immunity. This argument is premature at this stage of litigation.

"Qualified immunity is an affirmative defense that must be raised by a defendant."

*Groten v. Cal.*, 251 F.3d 844, 851 (9th Cir. 2001).

1      If qualified immunity applies, this doctrine shields "government officials performing

2 discretionary functions . . . from liability for civil damages insofar as their conduct does

3 not violate clearly established statutory or constitutional rights of which a reasonable

4 person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To

5 determine whether a clearly established right existed at the time of the alleged acts or

6 omissions of the defendant, the Court considers whether then-existing precedent

7 "placed the statutory or constitutional question beyond debate." *White v. Pauly,* 580

8 U.S. 73, 79 (2017), *quoting, Mullenix v. Luna,* 577 U.S. 7, 11 (2015) (per curiam). To be

9 characterized as "clearly established", the law must have a "sufficiently clear foundation

10 in then-existing precedent", and it must be clear enough that "every reasonable official

11 would understand that what [they] are doing is unlawful." *District of Columbia v. Wesby,*

12 583 U.S. 48, 63 (2018).

13      Although it is unnecessary for the defendant to point to caselaw that is an exact

14 match with the facts of the instant case, the defendant must be able to show a body of

15 relevant case law that is sufficiently specific to place the defendant on notice that their

16 conduct was a violation of the rights of the plaintiff under the federal constitution or a

17 federal statue. *District of Columbia v. Wesby,* 583 U.S. at 590. In rare situations, there

18 may be an obvious case where even though existing precedent has not addressed a

19 similar situation, the unlawfulness of the defendant's acts or omissions would be

20 sufficient clear. *See Hope v. Pelzer,* 536 U.S. 730, 738 (2002).

21      The Court is mindful of the Supreme Court's direction that qualified immunity

22 questions should be resolved at the earliest possible stage in litigation. *See Pearson v.*

23 *Callahan*, 555 U.S. 223, 232 (2009) quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)

24

25

(per curiam) ("we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation."). When a defendant asserts qualified immunity in a motion to dismiss under Rule 12(b)(6), however, dismissal is not appropriate unless the Court can determine, based on the complaint itself, that qualified immunity applies. *Groten v. Cal.*, at 851.

While courts may consider qualified immunity at the pleadings stage, the Ninth Circuit has noted that "[d]etermining claims of qualified immunity at the motion-to-dismiss stage raises special problems for legal decision making." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018) (citing *Kwai Fun Wong v. United States*, 373 F.3d 952,956 (9th Cir. 2004). In considering qualified immunity at the pleadings stage, "the courts may be called upon to decide far-reaching constitutional questions on a nonexistent factual record." *Kwai Fun Wong*, 373 F.3d at 957; *see also Morley v. Walker*, 175 F.3d 756, 761 (9th Cir. 1999) (stating that a court ruling on a motion to dismiss was "not equipped at this stage to determine whether qualified immunity will ultimately protect [the defendant].").

The Court finds that at this stage of the litigation, the record is not adequate for the Court to evaluate whether qualified immunity applies.

C.  Claims against the City and the Individual Defendants in their Official Capacities

While Plaintiffs do not explicitly state this in their complaint, there are facts alleged in claims against the individual Defendants that pertain to alleged acts and omissions that occurred in their official capacities working for the City.

A municipality is subject to liability under 42 U.S.C. § 1983 for constitutional violations "when the execution of the government's policy or custom ... inflicts the

1   injury." *City of Canton v. Harris,* 489 U.S. 378, 385 (1989) (quoting, *Springfield v. Kibbe,*

2   480 U.S. 257, 267 (1987) (O'Connor, J., dissenting)). "First, to be entitled to the

3   presumption of truth, allegations in a complaint or counterclaim may not simply recite

4   the elements of a cause of action, but must contain sufficient allegations of underlying

5   facts to give fair notice and to enable the opposing party to defend itself effectively.

6   Second, the factual allegations that are taken as true must plausibly suggest an

7   entitlement to relief, such that it is not unfair to require the opposing party to be

8   subjected to the expense of discovery and continued litigation." *Starr v. Baca,* 652 F.3d

9   1202, 1216 (9th Cir. 2011). Leave to amend "should be granted with extreme liberality".

10  *AE ex rel. Hernandez v. County of Tulare,* 666 F.3d 631, 636 (9th Cir. 2012), *quoting,*

11  *Moss v. U.S. Secret Service,* 572 F.3d 962, 972 (9th Cir. 2009) (citation and internal

12  quotation marks omitted).

13      The elements of a § 1983 claim against a municipality, are described in the Ninth

14  Circuit's Civil Pattern Jury Instructions No. 9.5, 9.6, 9.7. See, [9.5 Section 1983 Claim

15  Against Local Governing Body Defendants Based on Official Policy, Practice or

16  Custom—Elements and Burden of Proof | Model Jury Instructions (uscourts.gov)](). In

17  general terms, plaintiff's burden of proof is to show the defendant's employees or agents

18  acted through an official custom, pattern, or policy permitting deliberate indifference to,

19  or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct.

20  *Monell v. Dep't. of Social Servs.,* 436 U.S. 658, 690-91 (1978). A plaintiff must show (1)

21  deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy

22  amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy

23

24

25

1   is the moving force behind the constitutional violation. *Monell*, 436 U.S. at 694;

2   *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021).

3       The Supreme Court has held that an "official-capacity suit is, in all respects other

4   than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S.

5   159, 166 (1985). Therefore, the district court may dismiss the official capacity claims

6   against the officers as redundant. *See Brandon v. Holt,* 467 U.S. 464, 469-470 (1985)

7   (suit against a municipal employee in their official capacity is a suit against the

8   municipality); *Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*, 533 F.3d 780,

9   799 (9th Cir. 2008).

10       Because Plaintiffs' claims against the individual Defendants in their official

11   capacities are redundant when Plaintiffs have also asserted *Monell* claims against the

12   City of Seattle as an entity, the official capacity claims should be dismissed. *Ctr. for Bio-*

13   *Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*, at 799; *see Estate of Contreras v. Cnty*

14   *of Glenn*, 725 F.Supp. 2d 1157, 1159-60 (E.D. Cal. 2010).

15       D.   Claims against Individual Defendants

16       Defendants further argue that Plaintiffs' complaint should be dismissed because the

17   individual Defendants (i.e., Chief Scoggins, Mayor Durkan, Mr. Lu, and Ms. Lee) were

18   not mentioned in any of Plaintiffs' thirteen causes of action.

19       To state a claim for relief against individual defendants under 42 U.S.C. § 1983,

20   Plaintiff must allege that each defendant personally participated in the deprivation of

21   constitutional rights. *Iqbal*, 556 U.S. at 673; *Colwell v. Bannister*, 763 F.3d 1060, 1070

22   (9th Cir. 2014).

23

24

25

1    Liability may not be imposed on supervisory personnel for the acts or omissions of

2    their subordinates under the theory of *respondeat superior*. *Iqbal*, 556 U.S. at 672-673;

3    *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A supervisor can be held liable in

4    his or her individual  under § 1983 only if (1) he or she personally participated in the

5    constitutional violation, or (2) there is a "sufficient causal connection between the

6    supervisor's wrongful conduct and the constitutional violation."  *Hansen v. Black*, 885

7    F.2d 642, 645-46 (9th Cir. 1989).  Moreover, for liability to attach, supervisors must

8    have actual supervisory authority over the government actor who committed the alleged

9    violations.  *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018).

10    Although detailed factual allegations are not required, "[t]hreadbare recitals of the

11    elements of a cause of action, supported by mere conclusory statements, do not

12    suffice." *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555. "Determining whether

13    a complaint states a plausible claim for relief [is] ... a context-specific task that requires

14    the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

15    The "mere possibility of misconduct" falls short of meeting the *Iqbal* plausibility standard.

16    *Id*.

17    "The inquiry into causation must be individualized and focus on the duties and

18    responsibilities of each individual defendant whose acts or omissions are alleged to

19    have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.

20    1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d

21    457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th

22    Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.") A person

23    deprives another "of a constitutional right, within the meaning of section 1983, if he does

24

25

an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

The elements of § 1983 claims against a defendant in their individual capacity and a supervisory defendant in their individual capacity, are described in the Ninth Circuit's Civil Pattern Jury Instructions No. 9.3 and 9.4, respectively. *See* 9.4 Section 1983 Claim Against Supervisory Defendant in Individual Capacity—Elements and Burden of Proof | Model Jury Instructions (uscourts.gov); 9.5 Section 1983 Claim Against Local Governing Body Defendants Based on Official Policy, Practice or Custom—Elements and Burden of Proof | Model Jury Instructions (uscourts.gov).

Here, Plaintiffs have alleged facts regarding the individual Defendants, but failed to connect those facts -- as they pertain to *each* of the Defendants -- to specific causes of action against *each* individual. Instead, Plaintiffs group the Defendants together as if they were one person in each cause of action rather than providing any description of how each individual Defendant personally participated in Plaintiffs alleged constitutional violation. Plaintiffs, in their amended complaint, are required to draw those connections to meet the plausibility standard of *Ashcroft v. Iqbal.*

E.  State Law Claims

Finally, Plaintiffs' complaint also alleges claims under Washington state law and the Washington Constitution.

The Court first considers Plaintiffs' state constitutional claims. Plaintiffs allege violations of Article 1, Sections 3, 7, 11, 16 and 23. The Washington Supreme Court has held repeatedly that the Washington State Constitution does not automatically create an

1   implied private right of action for constitutional violations. *Reid v. Pierce Cty.*, 136

2   Wash.2d 195, 961 P.2d 333 (1998). In general, if common law provides an adequate

3   remedy for an injury, the Washington Supreme Court has declined to extend a private

4   right of action unless there is some augmentative legislation creating such a right.

5   *Blinka v. Wash. State Bar Assoc.*, 109 Wash. App. 575, 591, 36 P.3d 1094 (2001).

6   Furthermore, 42 U.S.C. § 1983 does not entitle a plaintiff to recover for violations of

7   state constitutional rights. *Barry v. Fowler,* 902 F.2d 770, 772 (9th Cir. 1990).

8       As such, Plaintiffs' state constitutional claims should be dismissed, unless Plaintiffs

9   can demonstrate that there is some augmentative legislation creating such rights.

10      With respect the remaining state law claims, the Court can decline to exercise

11  supplemental jurisdiction over state law claims if there is no federal cause of action. The

12  Court instructs Plaintiffs to carefully consider which state law claims they wish to allege

13  in their amended complaint. Plaintiffs and Defendants are ordered to meet and confer

14  regarding any state law claims that would state a plausible cause of action, in an effort

15  to avoid unnecessary delay and the potential for another motion to dismiss any

16  amended complaint. During the scheduled conference on December 18, the Court will

17  set a deadline for the meet-and-confer.

18                              CONCLUSION

19      For the foregoing reasons, the Court finds that there are multiple deficiencies in

20  Plaintiffs' complaint and it is not in compliance with FRCP 8. But Plaintiffs' complaint

21  may be amended, because the Defendants have not shown that a possible amendment

22  would be futile. If Plaintiffs seek to continue litigating this case, Plaintiffs must file an

23  amended complaint by the deadline to be set by the Court after the scheduling

24

25

ORDER ON DEFENDANTS' MOTION TO DISMISS - 14

conference on December 18, 2023. If no amended complaint is timely filed, then the case will be dismissed without prejudice for failure to comply with FRCP 8 and *Ashcroft v. Iqbal.*

Dated this 18th day of December, 2023.

Theresa L. Fricke
United States Magistrate Judge

ORDER ON DEFENDANTS' MOTION TO DISMISS - 15