1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

JEFFERY VALE, et al.,

7
                              Plaintiffs,

8
             v.

9
CITY OF SEATTLE, et al.,

10
                              Defendants.

Case No. 2:23-cv-01095-TLF

ORDER DENYING IN PART AND
GRANTING IN PART PLAINTIFFS'
MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT

11          On June 18, 2024, the Court denied in part and granted in part Defendants'

12   motion to dismiss Plaintiffs' amended complaint. Dkt. 58. Specifically, the Court denied

13   Defendants' motion to dismiss the following claims: (1) procedural due process, (2) First

14   Amendment Free Exercise, Due Process, and Equal Protection regarding the

15   Defendants' unwritten customs or practices, or an as-applied challenge (3) arbitrary and

16   capricious action; (4) public policy; (5) and failure to accommodate. The Court granted

17   Defendants' motion to dismiss: (1) Plaintiffs' Takings Clause claim under the Fifth

18   Amendment, (2) wage theft claim, (3) claim under the First Amendment Free Exercise

19   Clause regarding the facial validity of the Defendants' formal policy, and (4) breach of

20   contract claim. *Id.*

21          The Court found it "appropriate to allow Plaintiffs to file a motion for leave to

22   amend their breach of contract claim *only*," and specifically denied leave to amend on

23   Plaintiffs' Takings Clause claim, wage theft claim, and Free Exercise claim regarding

24

25   ORDER DENYING IN PART AND GRANTING IN PART
     PLAINTIFFS' MOTION FOR LEAVE TO FILE A
     SECOND AMENDED COMPLAINT - 1

1   whether the formal policy of the City and Fire Department was facially valid under the

2   First Amendment. *Id.* at 26-27 (emphasis added). The Court instructed Plaintiffs to file

3   their motion for leave to amend by July 2, 2024.

4          Plaintiffs filed a motion for leave to file a second amended complaint. Dkt. 60.

5   Plaintiffs, in their motion, seek to add two additional defendants (i.e., Governor Jay

6   Inslee and State Attorney General Robert Ferguson) and new claims, including a 42

7   U.S.C. § 1985 conspiracy claim, a 42 U.S.C. § 1981 claim, a constitutional Equal

8   Protection claim, and requests for injunctive relief. Dkt. 60. Plaintiffs further seek to

9   amend their breach of contract claim.

10         In its order, the Court stated it was granting Plaintiffs leave to amend one claim,

11  and only one claim – the breach of contract claim.

12         In the instant motion, Plaintiffs have addressed the Court's order in their

13  amendment of the breach of contract claim by referring to specific terms of the

14  Collective Bargaining Agreement, i.e., the contract allegedly breached by Defendants.

15  Defendants argue because Plaintiffs have not alleged that they exhausted the grievance

16  and arbitration remedies under the collective bargaining agreement, this claim would be

17  dismissed.

18         Plaintiffs have identified a contractual provision that was allegedly breached, and

19  Plaintiffs have sufficiently stated a breach of contract claim at this stage.

20         Plaintiffs, in addition to the breach of contract claim, have sought to add new

21  defendants and several new claims. Defendants contend these amendments are

22  outside the scope of the Court's June 18, 2024, Order (Dkt. 58), the Court's Order

23  Setting Forth Court Procedures (Dkt. 32), and the Pretrial Scheduling Order (Dkt. 33).

24

25  ORDER DENYING IN PART AND GRANTING IN PART
    PLAINTIFFS' MOTION FOR LEAVE TO FILE A
    SECOND AMENDED COMPLAINT - 2

The district court has discretion to enforce the scheduling order and a motion to amend the complaint must comply with Fed. R. Civ. P. 16. *See, Kamal v. Eden Creamery, LLC,* 88 F.4th 1268, 1277-1279 (9th Cir. 2023) (diligence is the "focus of the inquiry"); *but see, Bacon v. Woodward,* 104 F.4th 744, 753-755 (9th Cir. 2024) (majority opinion holds the district court abused its discretion by denying a motion to amend, and cites to case law that allows for liberal amendment; dissent points out there was a scheduling order in place and Fed. R. Civ. P. 16 should have been adhered to).

The Court's discretion is particularly broad when plaintiff has already amended the complaint, and then there is a subsequent motion to amend. *World Wide Rush, LLC v. City of Los Angeles,* 606 F.3d 676, 690 (9th Cir. 2010). The Court need not address the legal standards of Fed. R. Civ. P. 15, unless plaintiff has complied with Fed. R. Civ. P. 16 and shown diligence and good cause. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-608 (9th Cir. 1992); *but see, Bacon,* 104 F.4th at 753 (majority opinion allows amendment under Fed. R. Civ. P. 15 even without a showing of diligence and good cause under Fed. R. Civ. P. 16). A motion to amend a complaint is not a de facto motion to amend a scheduling order. *See, Johnson,* 975 F.2d at 608-609.

In the Order Setting Forth Court Procedures, the Court instructs parties to meaningfully meet and confer for *all* motions, except for dispositive motions. Dkt. 32 at 3. The moving party should include a certification within either the first substantive paragraph or the final paragraph of the motion indicating that they have complied with this requirement. The Court warns that motions that do not comply may be summarily denied. In implementing a meet and confer requirement on all motions, the Court's intent is to further the goal of efficiency for the Court and litigants.

1    Here, given that the motion and proposed second amended complaint requests

2  to add new defendants and new claims, the Court's scheduling order anticipated the

3  parties would have met and conferred before Plaintiffs filed the motion. Defendants'

4  counsel submitted a declaration, attaching an email to Plaintiffs' counsel asking whether

5  Plaintiffs intended on filing a motion for leave to file a second amended complaint. Dkt.

6  62 (Declaration of Emma Kazaryan) at Exhibit D. Plaintiffs' counsel did not respond to

7  the email. *Id.* at ¶¶7-8.

8    Further, pursuant to the Court's scheduling order, Plaintiffs' deadline to amend

9  pleadings was February 9, 2024. Plaintiffs filed an amended complaint on February 8,

10  2024; the Court ruled on Defendants' subsequent motion to dismiss on June 18, 2024,

11  and granted Plaintiffs a narrowly defined scope of the allowed amendment.

12    For any other claims Plaintiffs sought to amend, Plaintiffs should have submitted

13  a motion for extension of the February 8, 2024 deadline, and complied with Federal

14  Rule of Civil Procedure 16.

15    Pursuant to Fed. R. Civ. P. 16(b)(4), a scheduling order may be modified for

16  good cause, and with the Court's consent. "Rule 16(b)'s 'good cause' standard primarily

17  considers the diligence of the party seeking the amendment." *Johnson v. Mammoth*

18  *Recreations*, 975 F.2d at 609. The Court may modify the pretrial schedule if the moving

19  party could not reasonably meet the deadlines despite the party's diligence. *Id*.

20    To demonstrate diligence under Rule 16's "good cause" standard, the movant

21  may be required to show the following:

22         (1) that he was diligent in assisting the court in creating a workable
           Rule 16 order; (2) that his noncompliance with a Rule 16 deadline
23         occurred or will occur, notwithstanding his diligent efforts to comply,
           because of the development of matters which could not have been

24

25  ORDER DENYING IN PART AND GRANTING IN PART
    PLAINTIFFS' MOTION FOR LEAVE TO FILE A
    SECOND AMENDED COMPLAINT - 4

> reasonably foreseen or anticipated at the time of the Rule 16
> scheduling conference; and (3) that he was diligent in seeking
> amendment of the Rule 16 order, once it became apparent that he
> could not comply with the order.

*Kang v. Nationstar Mortg. LLC*, No. C23-5106-KKE, 2024 WL 2274316, at *1 (W.D. Wash. May 20, 2024) (citing *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012)).

Here, Plaintiffs did not file a motion for extension of a deadline; they argue in the motion to amend, that newly published opinions of the Ninth Circuit Court of Appeals justify the adding of new claims and defendants, and the "interests of justice" will be served by adding claims under "the Washington State statute and the Seattle ordinance requiring termination to be only "for cause,"" and claims under the "federal Constitutional right to equal protection under the 14th Amendment and 42 U.S.C. §§ 1983 and 1985, and the federal statutory rights under 42 U.S.C. § 1981 to equality in the implementation of contracts." Dkt. 60 at 3-6, citing *Health Freedom Defense Fund, Inc. v. Carvalho*, 104 F.4th 715 (9th Cir. 2024) and *Bacon v. Woodward*, 104 F.4th 744 (9th Cir. 2024).

Plaintiffs failed to comply with the Court's June 18, 2024, Order, the "meet and confer" requirement in the Court's standing order, and the February 8, 2024, deadline in the scheduling order, yet the Court must follow recent Ninth Circuit precedent and analyze Rule 15. *Bacon v. Woodward*, 104 F.4th at 753-754.

Pursuant to Federal Rule of Civil Procedure 15(a), after an initial period for amendment as of right, pleadings may be amended only with the opposing party's written consent or by leave of the court. Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Bacon v. Woodward*, at 753; *Desertrain v.*

1    *City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) ("[T]his policy is to be applied

2    with extreme liberality.").

3         The Court considers five factors when determining the propriety for leave to

4    amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment,

5    and whether the plaintiff has previously amended the complaint. *Desertrain*, 754 F.3d at

6    1154; *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). For each of these

7    factors, the party opposing amendment has the burden of showing that amendment is

8    not warranted. *DCD Programs. Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see*

9    *also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

10        1.  Bad Faith

11        In the context of a motion for leave to amend, "bad faith" means acting with intent

12   to deceive, harass, mislead, delay, or disrupt. *Leon v. IDX Sys. Corp.,* 464 F.3d 951,

13   961 (9th Cir.2006). Bad faith means more than acting with bad judgment or negligence,

14   but "rather it implies the conscious doing of a wrong because of dishonest purpose or

15   moral obliquity.... [I]t contemplates a state of mind affirmatively operating with furtive

16   design or ill will." *United States v. Manchester Farming P'ship,* 315 F.3d 1176, 1185 (9th

17   Cir.2003).

18        Here, this factor favors allowing amendment. There is no evidence of "conscious

19   doing of a wrong ..., dishonest purpose or moral obliquity ..., [or] furtive design or ill will".

20   *Id.* Defendants also do not point to any evidence of bad faith in their response.

21   Defendants only address the potential prejudice to them if the instant motion is granted,

22   Plaintiffs' undue delaying in bringing this motion, and the futility of Plaintiffs' new claims.

23

24

25   ORDER DENYING IN PART AND GRANTING IN PART
     PLAINTIFFS' MOTION FOR LEAVE TO FILE A
     SECOND AMENDED COMPLAINT - 6

1    2. Undue Delay

2        When evaluating whether amendment will cause undue delay, the Court must

3    consider both -- whether the moving party has complied with the scheduling order, and -

4    - whether the moving party knew or should have known the facts and theories raised by

5    the amendment at the time of the original pleading. *AmerisourceBergen Corp. v.*

6    *Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). "Undue delay" is delay that

7    prejudices the nonmoving party or imposes unwarranted burdens on the court. *Wizards*

8    *of the Coast LLC*, 309 F.R.D. at 651-52.

9        Whether there has been "undue delay" should be considered in the context of (1)

10   the length of the delay measured from the time the moving party obtained relevant facts;

11   (2) whether discovery has closed; and (3) proximity to the trial date. *Texaco, Inc. v.*

12   *Ponsoldt,* 939 F.2d 794, 798–99 (9th Cir.1991).

13       This factor favors amendment. The Plaintiffs have been informed of the relevant

14   facts for more than a year while this case has been pending. Yet, new opinions from the

15   Ninth Circuit were published very recently, and this changes the Plaintiffs' legal strategy.

16   Further, discovery is in the early stages and the current trial date is not scheduled for

17   another year.

18       The Court will issue a new scheduling order, after receiving an updated status

19   report from the parties, as indicated below.

20   3. Prejudice

21       When considering these factors, prejudice to the opposing party carries the most

22   weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). In the

23   context of a motion to amend, prejudice means "undue difficulty in prosecuting a lawsuit

24

25   ORDER DENYING IN PART AND GRANTING IN PART
     PLAINTIFFS' MOTION FOR LEAVE TO FILE A
     SECOND AMENDED COMPLAINT - 7

as a result of a change of tactics or theories on the part of the other party." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015).

The party opposing amendment bears the burden of showing that they will be unduly prejudiced by the amendment. *DCD Programs. Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). The party opposing amendment must do more than merely assert prejudice, the party must show substantial prejudice. *Wizards of the Coast LLC*, 306 F.R.D. at 652 (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1988)).

Granting Plaintiffs' motion to amend causes further delay in the pretrial deadlines, but does not necessarily entail additional litigation costs. While there may be some prejudice, the Court does not find there has been undue prejudice to the Defendants.

4. <u>Futility of Amendment</u>

Futility of amendment alone can justify the denial of a motion to amend. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Leave to amend should only be denied as futile when no set of facts can be proven under the amended pleading that would constitute a valid claim. *Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134 (9th Cir. 2018), *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (stating that the standard for considering whether amendment would be futile is the same standard used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)).

The record shows that Plaintiffs' proposed amendment to add a claim under 42 U.S.C. §1981 would, on summary judgment, inevitably fail. *Roth v. Garcia Marquez,* 942

F.2d 617, 629 (9th Cir.1991). As such, the Court finds this factor weighs against amendment as to the Plaintiff's 42 U.S.C. §1981 claim.

Plaintiffs', in their proposed second amended complaint, allege "Defendants violated 42 U.S.C. §1981 by engaging in religious discrimination against these Plaintiffs." *See* 60-1 at ¶396. "It is well established, however, that § 1981 does not apply to claims of religious discrimination." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1167 (9th Cir. 2007). *See also Shah v. Mt. Zion Hospital & Medical Center,* 642 F.2d 268, 272 & n. 4 (9th Cir.1981) (noting that 42 U.S.C. § 1981 "only prohibits racial discrimination" and not the other forms of discrimination protected under Title VII); *Hoke v. Symington*, 92 F.3d 1192 (9th Cir. 1996) (Similarly, to the extent Hoke's complaint could be construed to allege a 42 U.S.C. § 1981 claim based upon defendants' interference with his right to contract, this claim does not have an arguable basis in law or fact because Hoke did not allege race-based discrimination).

Plaintiffs' Section 1981 claim, in this case, would be futile because they allege discrimination on the basis of their religion, not their race.

5. <u>Previous Amendments</u>

The Court has broad discretion to deny leave to amend when a party has previously sought to amend the complaint. *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 453 (9th Cir. 2011) ("the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (internal citation omitted).

This factor weighs against granting Plaintiffs leave to amend.

ORDER DENYING IN PART AND GRANTING IN PART
PLAINTIFFS' MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT - 9

1

2

        The Court GRANTS Plaintiffs' motion for leave to file a second amended

complaint to add Governor Jay Inslee and State Attorney General Robert Ferguson as

3

defendants, and to add new claims, including a 42 U.S.C. § 1985 conspiracy claim, a

4

constitutional Equal Protection claim, and requests for injunctive relief. The Court

5

GRANTS Plaintiffs' motion for leave to amend their breach of contract claim.

6

        The parties should take note of the Court's Order Setting Forth Court Procedures

7

(Dkt. 32) for any future filings.

8

        Plaintiffs are instructed to file and serve their second amended complaint no later

9

than September 20, 2024. The parties are directed to file an updated joint status report

10

and propose new pretrial deadlines, and a date range for a new trial date by September

11

27, 2024. Defendants should file an amended answer to Plaintiffs' second amended

12

complaint by October 18, 2024. Because new defendants are being added, the Clerk of

13

Court is directed to send the appropriate forms to the new defendants regarding the

14

option to consent to the Magistrate Judge's jurisdiction.

15

16

Dated this 6th day of September, 2024.

17

18

19

*Theresa L. Fricke*

20

Theresa L. Fricke
United States Magistrate Judge

21

22

23

24

25

ORDER DENYING IN PART AND GRANTING IN PART
PLAINTIFFS' MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT - 10