UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFERY VALE, et al.,<br><br>                Plaintiffs,<br>     v.<br><br>CITY OF SEATTLE, et al.,<br><br>                Defendants. | Case No. 2:23-cv-01095-TLF<br><br>ORDER ON PARTIES' CONTESTED DISCOVERY ISSUES |

On April 23, 2025, the Court held a discovery conference to discuss the status of the parties' discovery disputes. Dkts. 82, 83. The Court ordered the parties to meet and confer on their discovery management plan. See, Western District of Washington Local Civil Rule 37(a). *Id.* The Court further ordered the parties to submit a joint status report with the Court indicating their timeline for producing discovery and privilege logs, methods for conducting electronic discovery, and the project deadlines the parties have agreed upon. *Id.* The parties submitted their joint status reports on June 4, 2025, and indicated they could not provide information requested by the Court "because they have reached multiple impasses in resolving their discovery disputes." Dkts. 87, 88.

After reviewing the parties' submissions, the Court held a status hearing to discuss the parties' discovery progress and to provide guidance on the discovery disputes raised in the joint status reports. Dkt. 90.

ORDER ON PARTIES' CONTESTED DISCOVERY ISSUES - 1

The Court ORDERS the following:

**1. Electronic Discovery Information ("ESI") Agreement and Stipulated Protective Order**

In the Joint Status Report dated October 7, 2024, the parties indicated they would file an amended version of the Court's Model Stipulated Protective Order as soon as possible. Dkt. 71 at 4. The parties are currently negotiating a proposed Stipulated Protective Order to file. The parties are ORDERED to file a proposed Stipulated Protective Order by June 27, 2025[1].

During the discovery hearing on June 17, 2025, the parties indicated they were relying on the Court's Model Agreement Regarding Discovery of Electronically Stored Information as a guideline. The parties have not filed a stipulated ESI agreement with the Court. The parties are ORDERED to prepare and file a Stipulated ESI Agreement and Proposed Order to the Court by June 27, 2025[2].

To the extent the parties have disagreements on any provisions of Stipulated Protective Order or ESI Agreement after meeting and conferring, the parties should file the proposed Orders with all provisions that are agreed upon and separately file a joint status report of any provisions that the parties are unable to agree on. The Court will take the parties' proposed Orders and status report into consideration and will hold a discovery conference about these concerns, if necessary.

---

[1] ModelStipulatedProtectiveOrder_CLEAN_2.1.23.pdf

[2] ModelESIAgreement.pdf

ORDER ON PARTIES' CONTESTED DISCOVERY ISSUES - 2

**Depositions of Plaintiffs**

The parties disagree on when is the appropriate time for Defendants to conduct Plaintiffs' depositions. Dkt. 88 at 2-3.

Rule 1 of the Federal Rules of Civil Procedure provides that the rules, including those governing discovery, should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1. As explained during the June 17, 2025, discovery conference, the Court agrees it is premature for Defendants to conduct Plaintiffs' depositions at this time because it appears the production of documents and interrogatories discovery is still ongoing. Deposing the Plaintiffs at this time without the completion of substantial fact discovery (and relatedly, an agreement on ESI protocol), would not promote a "just, speedy, and inexpensive" determination of this case.

2. **Case Management Briefing**

In reviewing the parties' joint status reports (specifically, issues 4 and 7) and hearing the parties' different perspectives on the most efficient sequencing of this case, the Court ordered the parties to file simultaneous briefs with their proposals on: (1) how the remainder of discovery should be expedited and (2) streamlined approaches for organizing issues for jury instructions, and for conducting trial. The parties are ORDERED to submit their simultaneous briefs by July 14, 2025, and should not exceed 12 pages. The parties should not file response briefs.

The Court will discuss the parties' respective case management proposals during the July 18, 2025, status conference.

The parties agreed that the discovery end date of September 30, 2025, should be reset. The Court STRIKES the pretrial deadlines as set forth in the amended scheduling order. Dkt. 79. The Clerk of Court will contact the parties to identify potential dates to reset the trial for; the trial currently set to begin on February 2, 2026, will remain on the Court's calendar until a new trial date is determined.

Plaintiffs advised they would file a motion for leave to file a third amended complaint by June 23, 2025. The Court has not received Plaintiffs' motion. Plaintiffs should file their motion, if they intend to amend their complaint, by June 27, 2025.

### 3. Briefing Schedule on Discovery Disputes

The parties dispute the following:

(1) Whether Plaintiffs must produce their vaccination records from 18 years old to present. *See* Dkt. 88 at 3 (Issue 2).

(2) Whether certain communications in Signal group chats in which non-parties and parties participated with an attorney are protected by attorney-client privilege. *See* Dkt. 88 at 4 (Issue 3).

(3) Whether non-Fire Department employees should be identified and whether information relating to City employees who worked outside the Fire Department should be produced. *See* Dkt. 88 at 9-11 (Issues 5-6).

The Court finds there is currently insufficient information on the record to make a ruling on these issues. Therefore, Defendants are Ordered to file a motion to compel, and Plaintiffs are Ordered to file a motion for protective order on these three issues. The parties must submit simultaneous opening briefs on July 11, 2025, and response briefs

are due by July 25, 2025. The parties should not file reply briefs. Opening briefs and opposition briefs should not exceed 24 pages.

Dated this 25th day of June, 2025.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge