UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFERY VALE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SEATTLE, et al., <br><br> Defendants. | Case No. 2:23-cv-01095-TLF <br><br> ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS (DKT. 224); ORDER GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF TIME (DKT. 216) |

This matter comes before the Court on two motions. Dkts. 216, 224. In the first motion, plaintiffs move to "amend the briefing schedule to grant Plaintiffs an additional one week to file their Reply in support of their Motion for Partial Summary [Judgment] . . ." Dkt. 216 at 1. In the second motion, defendants "request that the Court sanction Plaintiffs and their counsel under 28 U.S.C. § 1927 and the Court's inherent authority." Dkt. 224 at 1. In sum, defendants argue plaintiffs' above motion "is premised on material misrepresentations" and it was "entirely unnecessary because the City Defendants advised Plaintiffs three times that they do not oppose Plaintiffs' request for an extension . . ." Dkt. 224 at 1 (emphasis in original).

**A. Sanctions Motion (Dkt. 224)**

The Court **DENIES** defendants' Motion for Sanctions.

"'[S]anctions pursuant to [28 U.S.C. §] 1927 must be supported by a finding of subjective bad faith.'" *Lake v. Gates*, 130 F.4th 1064, 1070 (9th Cir. 2025) (quoting *Blixseth v. Yellowstone Mountain Club*, LLC, 796 F.3d 1004, 1007 (9th Cir. 2015)).

ORDER DENYING DEFENDANTS' MOTION FOR
SANCTIONS (DKT. 224); ORDER GRANTING
PLAINTIFFS' MOTION FOR EXTENSION OF TIME
(DKT. 216) - 1

"'[B]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent.'" *Id.* (quoting *Blixseth*, 796 F.3d at 1007). "'District courts enjoy much discretion in determining whether and how much sanctions are appropriate.'" *Zheng v. Internet Corp. for Assigned Names & Numbers*, 813 F. Supp. 3d 1135, 1138-39 (C.D. Cal. 2025) (quoting *Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1995)).

"[F]or sanctions under a court's inherent power . . . counsel's conduct must constitute[ ] or [be] tantamount to bad faith." *In re Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996) (internal quotation marks and citations omitted). A "finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (internal quotation marks and citations omitted). A court's decision to award sanctions under its inherent authority is also discretionary. *Zheng*, 813 F. Supp. 3d at 1139.

Here, the Court declines to impose sanctions. Defendants argue: "On March 31, 2026, a little over one week after [Plaintiffs] filed their [Motion for Partial Summary Judgment ('MPSJ')], Plaintiffs asked the City Defendants if they could have a one-week extension to file their reply in support of the MPSJ." Dkt. 225 at 4. "On April 1, 2026, Counsel for the City Defendants responded, 'Provided the Court is okay with it, we are fine with an extension until May 12 for Plaintiffs to file their reply.'" Dkt. 225 at 4.

"On April 3, 2026, [City Defendants' counsel] emailed Plaintiffs' counsel to request meet-and-confer to discuss the briefing schedule for the MPSJ" after defendants "realized . . . they would need more time to review Plaintiffs' submission"

ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS (DKT. 224); ORDER GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF TIME (DKT. 216) - 2

and "that there was a basis to cross-move for summary judgment . . ." Dkt. 225 at 4-5. "In that email, the City Defendants reiterated" they "do not oppose" the reply deadline extension. Dkt. 225 at 4-5.

"Plaintiffs refused to confer and proceeded with filing the instant motion" (Dkt. 216) after which defendants were "forced to file their Motion for Extension of Time and Page Limit" (Dkt. 218) which defendants subsequently withdrew (Dkt. 228). Dkt. 225 at 5.

Thereafter, "City Defendants advised Plaintiffs in writing of the specific factual misstatements in the motion and requested that they be corrected." Dkt. 225 at 5. "Rather than withdraw or amend the motion, Plaintiffs refused, asserting that the inaccuracies reflected a 'difference of opinion.'" Dkt. 225 at 5.

These allegations indicate poor communication between the parties, not bad faith. The present matter is also distinguishable from the authorities cited by defendant, which involved far more egregious behavior. *E.g. Raydiant Oximetry, Inc. v. ALC Med. Holdings LLC*, 808 F.Supp.3d 987, 1003 (N.D. Cal. 2025) ("frivolous counterclaims"); *Parker v. Costco Wholesale Corp.*, No. C25-0519-SKV, 2025 WL 4228413 at *3 (W.D. Wash. Nov. 7, 2025) (documents that "bore the hallmarks of unreviewed AI-generated work product or exceedingly negligent drafting."); *Corker v. Costco Wholesale Corp.*, 2023 WL 4623753 at *2 (W.D. Wash. Jul. 19, 2023) ("That defense was stricken . . . and yet it continued to appear in Buchalter's correspondence and filings . . .").

## B. Extension Motion (Dkt. 216)

Having considered the balance of the record and for good cause shown, the Court **GRANTS** plaintiffs' Motion for Relief from Briefing Deadline (Dkt. 216).

The Court's previous scheduling order (Dkt. 161) is amended. Plaintiffs must now file a reply brief in support of their Motion for Partial Summary Judgment (Dkt. 163) on or before **May 12, 2026.**

Dated this 24th day of April, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS (DKT. 224); ORDER GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF TIME (DKT. 216) - 4