The Honorable Theresa L. Fricke

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY VALE, et al.,

               Plaintiffs,

   v.

CITY OF SEATTLE, et al.,

               Defendants.

Case No. 2:23-cv-01095-TLF

DEFENDANTS CITY OF SEATTLE, SCOGGINS, AND LU'S REPLY IN SUPPORT OF CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT

CITY DEFENDANTS' REPLY IN SUPPORT OF
CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT - i
CASE NO. 2:23-CV-01095-TLF

SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**CONTENTS**

I.      ARGUMENT IN REPLY ................................................................................................... 1

        A.      Plaintiffs Fail to Distinguish This Case From the Overwhelming On-Point
                Authority Supporting the City's Position. .................................................... 1

        B.      Plaintiffs' Argument That The Mandate Was Not "Generally Applicable" Fails........... 6

        C.      Even Assuming *Arguendo* Plaintiffs Were Entitled to Separate Pre-Separation
                Meetings, They Received Pre-Separation Meetings. ...................................... 8

        D.      Plaintiffs' Arguments Conflate Their Procedural Due Process Claims with their
                Accommodation Claims. ............................................................................ 10

II.     CONCLUSION ............................................................................................................ 12

CITY DEFENDANTS' REPLY IN SUPPORT OF
CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT - ii
CASE NO. 2:23-CV-01095-TLF

SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

### I.    ARGUMENT IN REPLY

A.    Plaintiffs Fail to Distinguish This Case From the Overwhelming On-Point Authority Supporting the City's Position**.**

The Ninth Circuit and this Court have repeatedly held that public employees who are separated from employment pursuant to a properly-promulgated COVID-19 vaccination mandate are not entitled to a separate *Loudermill* hearing.[1]

Notably, the relevant Ninth Circuit opinion (discussed in detail below), was issued on the very same day that this Court held that Plaintiffs' procedural due process claim survived Defendants' FRCP 12(b)(6) motion to dismiss. Dkt. at 58. As this Court has since recognized, "the *Vale* court did not have the benefit of the Ninth Circuit's guidance in *Bacon* on that precise question, as the *Vale* and *Bacon* decisions were issued the same day."[2] *Moriarty v. Port of Seattle*, 2:23-CV-01209-TL, 2025 WL 3295346, at *19 (W.D. Wash. Nov. 26, 2025) (granting summary judgment on a procedural due process claim arising out of enforcement of a COVID-19 vaccine mandate).

In its cross-motion for partial summary judgment, the City cited more than ten recent cases that stand for the proposition that public employees who are separated from employment pursuant to a properly-promulgated COVID-19 vaccination mandate are not entitled to a separate *Loudermill* hearing.

In their response, Plaintiffs fail to distinguish a single one of those cases. That is likely

---

[1] Plaintiffs have already conceded that they do "not challenge the formal policy on its face." Dkt. 58 at 15 citing Dkt. 44 at 11-12.

[2] Nor did the *Vale* parties have the benefit of the Ninth Circuit's guidance at the time they were briefing the FRCP 12(b)(6) motion.

SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

because there is no way to meaningfully distinguish those cases: the holdings are precisely on point with regard to Plaintiffs' procedural due process claims.

In *Bacon v. Woodward*, 22-35611, 2024 WL 3041850, at *2 (9th Cir. June 18, 2024), the Ninth Circuit affirmed the district court's grant of judgment on the pleadings on a due process claim arising out of the City of Spokane's enforcement of its COVID-19 vaccine mandate.  The *Bacon* case also involves firefighters who allege their employer's enforcement of a vaccine mandate was tantamount to religious discrimination.  The Ninth Circuit wrote:

> **The firefighters' procedural due process rights were not violated.** As their opening brief confirms, the firefighters' objections ultimately rested on the substantive rules applied in the termination process—namely, the Proclamation itself and what they considered to be an overly stringent, "sham" approach to accommodations. But with respect to a categorical challenge to the substance of a generally applicable law impacting property rights—such as "continued employment in a state job"—**we have held that no procedural due process is required beyond the proper promulgation of the new substantive rule.** *Rea v. Matteucci*, 121 F.3d 483, 484–85 (9th Cir. 1997). The notice provided in the Proclamation was therefore sufficient….
>
> **The firefighters did not like the substance of the City's construction of the Proclamation in their individual cases, but that is not a procedural due process objection.** Because the firefighters were given all the process that was due, amendment here would be futile.

(Emphasis added).

In *Martinez v. Eastside Fire & Rescue*, 2:24-CV-01706-TL, 2025 WL 1654649, at *12 (W.D. Wash. June 10, 2025), another COVID-19 vaccine mandate case involving firefighters, this Court granted summary judgment in favor of the defendant-employer on plaintiffs' due process claim. The Court held:

> The "essential requirements of due process ... are notice and an opportunity to respond." *Pilz v. Inslee*, No. C21-5735, 2022 WL 1719172, at *7 (W.D. Wash. May 27, 2022) (citing *Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532, 546 (9185)),

CITY DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
AND CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT - 2
CASE NO. 2:23-CV-01095-TLF

SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

aff'd, 2023 WL 8866565 (9th Cir. Dec. 22, 2023). As in *Pilz* and *Brock*, "Plaintiffs here 'cannot seriously maintain that they did not have written notice of the vaccine requirement.' " *Brock*, 2025 WL 254725, at *12 (quoting *Pilz*, 2022 WL 1719172, at *7). **Defendant EFR's Directive clearly articulated the vaccine requirements, set reasonable deadlines, outlined the consequences of failure to apply, clearly laid out an opportunity to be heard, and provided that employees could "[s]ubmit, and receive approval for a qualified accommodation as identified."** Dkt. No. 1-4 at 1; see also id. at 2–3.

**As the Ninth Circuit noted in discussing another COVID-19 vaccination mandate issued to firefighters in Washington**, "with respect to a categorical challenge to the substance of a generally applicable law impacting property rights—such as 'continued employment in a state job'—we have held that **no procedural due process is required beyond the proper promulgation of the new substantive rule.**" *Bacon v. Woodward*, No. 22-35611, 2024 WL 3041850, at *2 (9th Cir. June 18, 2024).

(Emphasis added).

In *Moriarty v. Port of Seattle*, 2:23-CV-01209-TL, 2025 WL 3295346, at *19 (W.D. Wash. Nov. 26, 2025), this Court dismissed a plaintiff's due process claim on summary judgment.  In that case, the plaintiff was separated from employment with the Port of Seattle (the "Port") after the Port determined it could not accommodate her religious exemption from the Port's COVID-19 vaccine mandate.  The Court held:

**The Ninth Circuit has repeatedly held that when a policy is generally applicable, "no procedural due process is required beyond the proper promulgation of the new substantive rule."** *Bacon v. Woodward*, No. 22-35611, 2024 WL 3041850, at *2 (9th Cir. June 18, 2024) (unpublished) (citing *Rea v. Matteucci*, 121 F.3d 483, 484–85 (9th Cir. 1997)). **Numerous courts in this District have reached the same conclusion when considering vaccine mandates for public employees.** See, e.g., *Pilz v. Inslee*, No. C21-5735, 2022 WL 1719172, at *7 (W.D. Wash. May 27, 2022), aff'd, No. 23-5271, 2023 WL 8866565 (9th Cir. Dec. 22, 2023); *Gray v. Wash. State Dep't of Transp.*, No. C23-5418, 2023 WL 6622232, at *5 (W.D. Wash. Oct. 11, 2023), aff'd sub nom. *Gray v. Wash. Dep't of Transp.*, No. 23-3278, 2024 WL 5001484 (9th Cir. Dec. 6, 2024), cert. denied 145 S. Ct. 2780 (2025); *Martinez v. Eastside Fire & Rescue*, No. C24-1706, 2025 WL 1654649, at *12 (W.D. Wash. June 10, 2025); *Shirley v. Wash. State Dep't of Fish & Wildlife*, No. C23-5077, 2025 WL 1360872, at *5 (W.D. Wash. May 9, 2025), reconsideration denied, 2025 WL

CITY DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
AND CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT - 3
CASE NO. 2:23-CV-01095-TLF

2165946 (May 23, 2025); *Brock v. City of Bellingham*, No. C24-850, 2025 WL 254725, at *12–13 (W.D. Wash. Jan. 21, 2025); *Strandquist v. Wash. State Dep't of Soc. & Health Servs.*, No. C23-5071, 2024 WL 4645146, at *8 (W.D. Wash. Oct. 31, 2024), reconsideration denied, 2024 WL 4979859 (Dec. 4, 2024). **Plaintiff ignores this substantial body of persuasive authority and does not attempt to distinguish HR-34 from the other vaccine mandates that were found to give sufficient process simply by virtue of their proper promulgation**.

(Emphasis added).

In *Pilz v. Inslee*, 3:21-CV-05735-BJR, 2022 WL 1719172, at *7 (W.D. Wash. May 27, 2022), aff'd, 22-35508, 2023 WL 8866565 (9th Cir. Dec. 22, 2023), plaintiffs were state employees who challenged the state's COVID-19 employee vaccine mandate on (*inter alia*) due process grounds. The Court granted the defendants' motion for judgment on the pleadings and noted that, "In so finding, **the Court joins other district courts around the country that have rejected procedural due process challenges to employer-issued vaccine mandates during the COVID-19 pandemic**, finding employees are not entitled to greater service than what is provided by enactment of the mandates themselves."  (Emphasis added; internal quotation marks and brackets omitted).

As the Court succinctly explained:

> **Plaintiffs cannot seriously maintain that they did not have written notice of the vaccine requirement.** The Proclamation was enacted and widely disseminated on August 9, 2021, and Plaintiffs had until October 18, 2021 to comply. Furthermore, **the Proclamation created a process by which employees could apply for exemptions and accommodations, and essentially "present [their] side of the story" to avoid termination. This opportunity to be heard and "present rebuttal affidavits" is all that Loudermill requires.** Plaintiffs nevertheless claim that the exemption process is deficient because, "even when granted [the exemptions] ha[ve] no practical effect." Dkt. 67 at 18. According to Plaintiffs, the state is granting exemptions but not always accommodating unvaccinated employees. **The fact that Plaintiffs' accommodation requests were unsuccessful, however, does not belie the fact that Plaintiffs were given the opportunity to be heard required by *Loudermill*.**

(Emphasis added).

CITY DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
AND CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT - 4
CASE NO. 2:23-CV-01095-TLF

There are many more cases just like these, which are precisely on point with regard to Plaintiffs' procedural due process claims:

- *Gray v. Washington Dep't of Transp.*—a COVID-19 vaccine mandate case where the Ninth Circuit affirmed the dismissal of plaintiffs' due process claim and held that plaintiffs "received as much notice and process as the law required" where they received notice of the vaccination policy; the decisions on their exemption and accommodation requests; the potential for termination; and a pre-termination opportunity to respond either in writing or at a meeting. 23-3278, 2024 WL 5001484, at *1 (9th Cir. Dec. 6, 2024), cert. denied sub nom. *Gray v. Washington State Dep't of Transp.*, 145 S. Ct. 2780, 222 L. Ed. 2d 1076 (2025).

- *Bennett v. King Cnty.*—a COVID-19 vaccine mandate case where the Court dismissed plaintiffs' procedural due process claim with prejudice because plaintiffs were "not 'entitled to process above and beyond the notice provided by the enactment and publication' of the policy itself." C24-2065RSM, 2026 WL 41131, at *3 (W.D. Wash. Jan. 7, 2026).

- *Shirley v. Wash. State Dep't of Fish & Wildlife*—a COVID-19 vaccine mandate case where the Court dismissed plaintiffs' procedural due process claim with prejudice because plaintiffs failed to demonstrate they were entitled to a hearing where they were "separated due to a generally applicable requirement—like a vaccine mandate. In fact, Ninth Circuit precedent cuts the opposite way." 2025 WL 1360872, at *5 (W.D. Wash. May 9, 2025), *reconsideration denied*, 2025 WL 2165946 (May 23, 2025).

- *Seagraves v. Dep't of Children Youth & Families*—a COVID-19 vaccine mandate case where the Court dismissed plaintiffs' procedural due process claim with prejudice for reasons set forth in *Pilz*. 3:24-CV-05081-TMC, 2025 WL 1031306, at *8 (W.D. Wash. Apr. 7, 2025), reconsideration denied, 3:24-CV-05081-TMC, 2025 WL 1180380 (W.D. Wash. Apr. 23, 2025).

- *Strandquist v. Washington State Dep't of Soc. & Health Servs.*—a COVID-19 vaccine mandate case where the Court dismissed plaintiffs' procedural due process claim with prejudice and noted, "another court in this District has already concluded that the Proclamation itself, combined with its procedures for applying for exemptions and accommodations, provided the core requirements of 'notice and an opportunity to respond' required by *Loudermill*." 3:23-CV-05071-TMC, 2024 WL 4645146, at *8 (W.D. Wash. Oct. 31, 2024), reconsideration denied, 3:23-CV-05071-TMC, 2024 WL 4979859 (W.D. Wash. Dec. 4, 2024).

//

CITY DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
AND CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT - 5
CASE NO. 2:23-CV-01095-TLF

*See also* the string of cases cited in the City's cross-motion for partial summary judgment. Dkt. at 230, page 32, lines 6-20.

The overwhelming weight of on-point authority from this jurisdiction and the Ninth Circuit compels dismissal of Plaintiffs' procedural due process claims on summary judgment. The City's cross-motion is properly granted on this basis.

B.    Plaintiffs' Argument That The Mandate Was Not "Generally Applicable" Fails.

Plaintiffs rely on a recently-issued order in the remanded *Bacon* case to argue that the City's COVID-19 vaccine mandate was not "generally applicable." *See* Dkt. at 246, Appendix 1. Given the various *Bacon* orders and decisions that have been discussed in the instant record, the City refers to this decision as the "Appendix Order" for clarity.

In the Appendix Order, the Court denied Plaintiffs' motion for summary judgment on their Free Exercise claim. The Appendix Order does not address; discuss; or pertain to a procedural due process claim—that is clear because, as discussed *supra*, the Ninth Circuit has already affirmed the dismissal of the procedural due process claims in that case.

In the Appendix Order, the Court held that, for purposes of an as-applied Free Exercise claim, the defendant's vaccine mandate was not "generally applicable" because it was seemingly undisputed that the defendant had allowed unvaccinated individuals from a neighboring district to complete the same emergency duties that unvaccinated employees were not allowed to complete.

The Appendix Order has no bearing on the question of whether the City's vaccine mandate was "generally applicable" for purposes of a procedural due process claim. If it did, the Appendix Order would not square with the Ninth Circuit's (binding) earlier decision affirming the

CITY DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
AND CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT - 6
CASE NO. 2:23-CV-01095-TLF

SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Court's dismissal of the procedural due process claim.  As the Ninth Circuit has iterated, "interpretations which would produce absurd results are to be avoided."  *Ma v. Ashcroft*, 361 F.3d 553, 561 (9th Cir. 2004) (holding, in the context of a statutory interpretation, "we cannot adopt a construction that leads to absurd results….").

Further, in affirming the dismissal of the procedural due process claim in *Bacon*, the Ninth Circuit affirmatively held that the vaccine mandate was generally applicable for purposes of the procedural due process claim notwithstanding Plaintiffs' allegations of a "sham" accommodation process:

> [T]he firefighters' objections ultimately rested on the substantive rules applied in the termination process—namely, the Proclamation itself and what they considered to be an overly stringent, "sham" approach to accommodations. **But with respect to a categorical challenge to the substance of a generally applicable law impacting property rights**—such as "continued employment in a state job"—**we have held that no procedural due process is required beyond the proper promulgation of the new substantive rule**….The notice provided in the Proclamation was therefore sufficient.

*Bacon v. Woodward*, 22-35611, 2024 WL 3041850, at *2 (9th Cir. June 18, 2024).

Further still, in *Bacon*, the Court also held that the vaccine mandate was "generally applicable" for purposes of a facial Free Exercise claim: "On its face….[t]he Proclamation is also generally applicable, as it facially applies to all relevant employees unless they can show that they are legally entitled to an exemption." *Bacon v. Woodward*, 22-35611, 2024 WL 3041850, at *1 (9th Cir. June 18, 2024).  This further demonstrates that the Appendix Order's "general applicability" determination vis-à-vis one claim (i.e., an as-applied Free Exercise claim) is not dispositive of "general applicability" for purposes of an entirely different claim (i.e., a procedural due process claim).

CITY DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
AND CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT - 7
CASE NO. 2:23-CV-01095-TLF

SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Plaintiffs have not set forth a single case that stands for the proposition that an employee vaccine mandate does not satisfy the "general applicability" standard for purposes a procedural due process claim. Conversely, the numerous COVID-19 vaccine mandate cases cited by the City all support a finding that an employee vaccine mandate (like the one at issue here) satisfies the "general applicability" standard for purposes of a procedural due process claim.

C.    Even Assuming *Arguendo* Plaintiffs Were Entitled to Separate Pre-Separation Meetings, They Received Pre-Separation Meetings.

Every Plaintiff who was involuntarily separated from employment with the City for non-compliance with the vaccine mandate was first provided with the opportunity to participate in a pre-separation hearing with Chief Harold Scoggins. Dkt. at 232, ¶ 5. This is reflected in Plaintiffs' separation letters. *See e.g.*, Dkt. at 234, Exhibits 10; 14; 35; 41; 63; 68; 72; 81; 91; 103; 114; 119; 127; 134; 154; 159; 166; 195; and 198.

Plaintiffs who were involuntarily separated and agreed to participate in a pre-separation meeting received a letter from Chief Scoggins with a variation of the language below:

On August 9, 2021, Mayor Jenny Durkan announced that all City employees must be fully vaccinated for COVID-19 as a condition of employment by October 18, 2021. You recently received a letter notifying you that you are being recommended for separation for non-compliance with the City's vaccine mandate and the department's inability to find a reasonable accommodation.

At your request, **you had an opportunity to provide me any additional information regarding your non-compliance during a Loudermill/pre-separation meeting that you attended yesterday. I have reviewed the information made available to me and considered the information you provided me at the Loudermill/pre-separation meeting.**

This letter is to notify you of my final decision regarding the recommendation for your separation from the City of Seattle due to non-compliance with the City's Vaccine Mandate. Based on all the information before me, I have made the decision to end your employment with the City **effective August 1, 2022** because

CITY DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
AND CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT - 8
CASE NO. 2:23-CV-01095-TLF

SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

you are not in compliance with the City's vaccine requirement.

**If you disagree with the decision, you may potentially have the ability to file an appeal**….

Dkt. at 234, Exhibit 154 (underlined emphasis in original; other emphasis added).

Plaintiffs who were involuntarily separated and declined to participate in a pre-separation meeting received a letter from Chief Scoggins with a variation of the language below:

On August 9, 2021, Mayor Jenny Durkan announced that all City employees must be fully vaccinated for COVID-19 as a condition of employment by October 18, 2021. You recently received a letter notifying you that you are being recommended for separation for non-compliance with the City's vaccine mandate and the department's inability to find a reasonable accommodation.

**You had an opportunity to provide me any additional information regarding your non-compliance during a Loudermill/Pre-Separation meeting. You declined the opportunity to have this meeting.**

This letter is to notify you of my final decision regarding the recommendation for your separation from the City of Seattle due to non-compliance with the City's Vaccine Mandate. Based on all the information before me, I have made the decision to end your employment with the City **effective November 11, 2021** because you are not in compliance with the City's vaccine requirement.

**If you disagree with the decision, and if you are represented by a union or are covered under the City's Civil Service rules, you may potentially have the ability to file an appeal**….

Dkt. at 234, Exhibit 127 (underlined emphasis in original; other emphasis added).

In accordance with SMC 4.08.100—and as the copy line on these letters makes clear—a copy of this letter was furnished to Andrea Scheele, who is the Executive Director of the Public Civil Safety Service Commission. *See e.g.*, Dkt. at 234, Exhibits 10; 14; 35; 41; 63; 68; 72; 81; 91;

CITY DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
AND CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT - 9
CASE NO. 2:23-CV-01095-TLF

SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

103; 114; 119; 127; 134; 154; 159; 166; 195; and 198.[3]

In fact, some Plaintiffs did seek further review of their separations with the Public Civil Safety Service Commission. *See e.g.,* Dkt. 242, Exhibit A (specifically referencing SMC 4.08.100).

Plaintiffs clearly disagree with the City's determinations with regard to their religious accommodation requests.[4] That dispute is properly resolved within the bounds of their failure to accommodate claim and the litany of other claims they have asserted. However, the fact that Plaintiffs disagree with the City's determinations with regard to their religious accommodation requests does not mean the Plaintiffs did not receive all the process they are due: they absolutely did and their procedural due process claims are properly dismissed on summary judgment.

D.    Plaintiffs' Arguments Conflate Their Procedural Due Process Claims with their Accommodation Claims.

Further demonstrating that this dispute is really about the accommodation process, Plaintiffs expend much of their response brief arguing that the City's accommodation process was a "sham" because the City had "predetermined" that it would not allow employees to continue working unvaccinated. *See* Dkt. at 246, pg. 8.

In support of their accommodation argument, Plaintiffs point to an email City employee Chris Lombard sent to himself and employee Doran Young "[f]or the sake of a paper trial." *See* Dkt. at 247, pg. 13. In the email, Lombard writes that at a meeting (which, according to Lombard's recitation of attendees, Young was not present at) he asked then-policy director Adrienne

---

[3] For verification that Andrea Scheele is the Executive Director of the Public Civil Safety Service Commission please *see e.g.*, Dkt. 242, Exhibit A; *see also* Public Safety Civil Service Commission - Who We Are, https://www.seattle.gov/public-safety-civil-service-commission/who-we-are, last accessed May 22, 2026.

[4] Though as the operative Complaint makes clear, not all Plaintiffs requested religious exemptions from the vaccine mandate.

CITY DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
AND CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT - 10
CASE NO. 2:23-CV-01095-TLF

SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Thompson for written confirmation "that no accommodations with be given by the [C]ity for any religious exemptions." *Id.*  In his email, Lombard writes that Thompson declined to provide such a statement. *Id.*

Notably, Plaintiffs proffer the Lombard email as "a true and correct copy of Exhibit 127 to Adrienne Thompson's deposition transcript, taken on May 8, 2026, in the instant matter." *See* Dkt. at 271, pg. 1, ¶ 4.  They do not offer a certification from Lombard that the contents of the email are true and accurate, nor any other competent evidence that the contents of the email are true and accurate.

At her deposition, Thompson was asked about Lombard's email and she testified—under oath—that she did not recall *ever* making a statement to the effect that no accommodations would be given for religious exemptions.  Reply Declaration of Emma Kazaryan, ¶ 2, Exhibit A, 47:8-13.

Further, as Thompson testified with regard to Lombard's email, the City **did** provide accommodations:

> I can affirmatively say that I have referred all departments to the vaccination accommodation matrix as the policy for the City.  And that is actually how it was executed by the City.  [Interruption by Plaintiffs' counsel].  **Folks were accommodated.**

*Id.* (emphasis added).

The City's accommodation process was not a sham, and Plaintiffs' arguments in this regard are contrary to the Ninth Circuit's recent decision in *Williams v. Legacy Health*, 24-5977, 2026 WL 1239760  (9th Cir. May 6, 2026).  In *Williams*, the Ninth Circuit affirmed summary judgment in favor of the defendant in a Title VII action by plaintiffs who alleged they were denied

CITY DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
AND CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT - 11
CASE NO. 2:23-CV-01095-TLF

SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

religious exemptions from the defendant-employer's COVID-19 vaccination policy:

> [W]e have squarely rejected the view "that an employer cannot bring up 'undue hardship' unless it first proves that it made good faith efforts to accommodate the employee's [religious] practice." *Townley*, 859 F.2d at 614. The rationale is a simple one: **If no accommodation is possible without undue hardship, then consideration of a particular accommodation is an exercise in futility**….We have thus explained that **"undue hardship" serves as a complete defense to a Title VII claim even if there was "no attempt at accommodation" at all**.

*Id*. at *5 (Emphasis added).

In any event, Plaintiffs arguments in this regard—which pertain squarely to their failure-to-accommodate claim—have no bearing on their procedural due process claim. As set forth above, the law makes it clear there is no genuine dispute that Plaintiffs received all process they were due.

## II.   CONCLUSION

As this Court has acknowledged, when it allowed Plaintiffs' procedural due process claims to survive Defendants' FRCP 12(b)(6) motion to dismiss back in June 2024, it "did not have the benefit of the Ninth Circuit's guidance in *Bacon* on that precise question, as the *Vale* and *Bacon* decisions were issued the same day." *Moriarty v. Port of Seattle*, 2:23-CV-01209-TL, 2025 WL 3295346, at *19 (W.D. Wash. Nov. 26, 2025).

The Court now has the benefit of the Ninth Circuit's guidance on this precise issue and, in accordance with that guidance, Plaintiffs' procedural due process claims are properly dismissed on summary judgment.

//

//

//

CITY DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
AND CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT - 12
CASE NO. 2:23-CV-01095-TLF

SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Dated May 26, 2026.

SEYFARTH SHAW LLP

By: /s/Emma Kazaryan
Lauren Parris Watts, WSBA #44064
Emma Kazaryan, WSBA #49885
Joshua Goldberg, WSBA #60733
Daniel Culicover, WSBA #55085
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Phone:   (206) 946-4910
Email:    lpwatts@seyfarth.com
          ekazaryan@seyfarth.com
          jmgoldberg@seyfarth.com
          dculicover@seyfarth.com

Counsel for Defendants City of Seattle,
Harold Scoggins and Abigail Elizabeth
Scoggins, Andrew Lu and Tzu Hsin Lin

I certify that this memorandum contains
12 pages, in compliance with the Court's
Order Setting Forth Court Procedures.
Dkt. 32.

CITY DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
AND CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT - 13
CASE NO. 2:23-CV-01095-TLF

SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910