THE HONORABLE THERESA L. FRICKE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFERY VALE, et al.,

Plaintiffs,

v.

CITY OF SEATTLE, et al.,

Defendants.

CASE NO. 2:23-cv-01095-TLF

NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to Local Civil Rule 7(n), Plaintiffs submit this Notice of Supplemental Authority regarding *Ahmann v. Washington State Department of Transportation*, No. 25-2335, — F. App'x — (9th Cir. May 29, 2026), attached as Exhibit A.

In Ahmann, the Ninth Circuit reversed summary judgment for the employer in a Title VII and WLAD religious-accommodation case arising from an employee's termination for refusing a COVID-19 vaccine, The court applied the prima facia failure-to-accommodate standard under *Heller v. EBB Auto Co*., 8 F.3d 1433, 1438-39 (9th Cir. 1993), and noted that the WLAD standard "mirrors the federal one." Mem. At 2.

NOTICE OF SUPPLEMENTAL AUTHORITY
(Case No.: 2:23-cv-01095-TLF)

1

**ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA  98101
(206) 799-4221

The Ninth Circuit reviewed only the notice requirement under *Heller* in establishing a prima facie case of religious discrimination, which was the basis for the District Court's granting of summary judgement to Defendant WSDOT.  The Ninth Circuit found that to satisfy the notice element, an employee need only provide "enough information" to permit the employer to understand the existence of a conflict between the employee's religious beliefs and the job requirement. *Id.* at 3. Applying that standard, the court held that the plaintiff satisfied the notice element where he explained that he objected to COVID-19 vaccines based on their connection to abortion and fetal cell line research. *Id*. at 3-5. The court further stated that this type of abortion-based objection to vaccination is a "specific religious belief" sufficient to form the basis for a denial-of-accommodation claim. *Id*. at 4-5.

The Ninth Circuit remanded for the district court to consider undue hardship in the first instance. *Id*. at 5.

DATED this 1st day of June 2026.

*s/ R. Bruce Johnston*
R. BRUCE JOHNSTON, WSBA No. 4646
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 45356
(206) 788-6108
Bruce@rbrucejohnston.com
*Of Counsel to Attorney for Plaintiffs*

*s/ Nathan J. Arnold*
NATHAN J. ARNOLD, WSBA No. 45356
720 Seneca Str., Suite 107, No. 393
Seattle, WA 98010
(206) 799-4221
Nathan@ajalawyers.com

# EXHIBIT A

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL AHMANN,<br><br>      Plaintiff - Appellant,<br><br>  v.<br><br>WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, an agency of the State of Washington; ROGER MILLAR, Secretary of Transportation, in his official capacity; JAY INSLEE, Governor of Washington, in his official capacity,<br><br>      Defendants - Appellees. | No. 25-2335<br><br>D.C. No.<br>2:23-cv-00140-TOR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted May 15, 2026[*]
San Francisco, California

Before: McKEOWN, BEA, and BRESS, Circuit Judges.

Paul Ahmann sued his employer, the Washington State Department of

Transportation ("WSDOT"), for failing to accommodate his religious beliefs under

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Washington Law Against Discrimination ("WLAD"), Wash. Rev. Code. § 49.60 *et seq.*, after WSDOT terminated Ahmann's employment because he failed to take the COVID-19 vaccine.  The district court granted summary judgment to WSDOT on the ground that Ahmann had failed to give adequate "notice to WSDOT of how his sincerely held religious beliefs conflicted with the COVID-19 vaccine."  We review the district court's grant of summary judgment de novo.  *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004).  We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

For religious discrimination claims under both Title VII and WLAD,[1] the employee must first "establish a prima facie case by proving that (1) he had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer threatened him with or subjected him to discriminatory treatment, including discharge, because of his inability to fulfill the job requirements."  *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993).  "Once a plaintiff makes out a prima facie failure-to-accommodate case, the burden then shifts to the employer to show that it initiated good faith efforts to accommodate reasonably the employee's religious practices or

---

[1] The WLAD standard "mirrors the federal one." *Petersen v. Snohomish Reg'l Fire & Rescue*, 150 F.4th 1211, 1216 n.3 (9th Cir. 2025).

that it could not reasonably accommodate the employee without undue hardship."
*Snohomish Reg'l Fire & Rescue*, 150 F.4th at 1216 (citation modified).

The district court concluded that Ahmann established the first element of his prima facie case because he had a sincerely held religious objection to taking a vaccine derived from cell lines of aborted fetuses. To the extent that WSDOT challenges this determination on appeal, we find no error in this aspect of the district court's decision. We agree with the district court that WSDOT "has not raised a genuine issue of fact as to whether Plaintiff sincerely held a religious belief when he made the accommodation request." There is also no dispute that Ahmann has established the third element of the prima facie case, given his termination.

This case instead concerns the second element of the prima facie showing: whether the plaintiff provided adequate notice to his employer. As to that element, we have held that an employee need only provide "enough information about [his] religious needs to permit the employer to understand the existence of a conflict between the employee's religious practices and the employer's job requirements." *Heller*, 8 F.3d at 1439. As we have explained, "[a]ny greater notice requirement would permit an employer to delve into the religious practices of an employee in order to determine whether religion mandates the employee's adherence." *Id.*

We conclude that Ahmann satisfied this second element of the prima facie showing, and that there is no genuine dispute of fact on that score. When filling out

3                                                                      25-2335

the first exemption form, Ahmann was asked whether he had "a sincerely held religious belief or religious conviction that prevent[ed] [him] from receiving the COVID-19 vaccine." He answered yes. Then, in response to WSDOT's follow-up request asking him to explain "how a COVID-19 vaccine conflicts with your asserted strongly held religious beliefs," Ahmann responded:

> I will not have the blood of any baby on my hands. Any vaccine that was brought about by the use of baby parts in the research and development process or by using them in the ingredients will not be used on me with my knowledge. It is an evil selfish process, which devalues human life and puts a monetary value on Babies.

Ahmann further noted—in response to a different question on the second form asking whether he had "ever received a vaccination in the past"—that he had done so "when I was ignorant of the evil which has been taking place and how many babies are killed in this country." Ahmann advised that he would be willing to take the Novavax vaccine, which, in his view, was a "clean vaccine," meaning one that was not created using fetal cell research.

On this record, Ahmann's explanations, considered in context, were enough to put WSDOT on notice that Ahmann was raising an objection to the COVID-19 vaccine based on religious opposition to abortion and fetal cell line research. We have recognized that this type of abortion-based objection to vaccination is a "specific religious belief" sufficient to form the basis for a denial-of-accommodation claim. *Detwiler v. Mid-Columbia Med. Ctr.*, 156 F.4th 886, 896 n.2 (9th Cir. 2025),

*reh'g en banc denied*, 172 F.4th 1072.  WSDOT contends that Ahmann could have further identified the particular faith underlying his religious beliefs.  But Amy Fermo, WSDOT's Assistant HR Director and the chair of its vaccination exemption committee, testified that WSDOT "didn't require employees to identify specifically the religion that they may be affiliated with."  Ahmann was thus not required to say more to notify WSDOT about the conflict between his religious beliefs and the COVID-19 vaccine.

The parties make further arguments as to whether accommodating Ahmann would have posed an undue hardship to WSDOT.  But the district court has yet to address that issue.  We therefore remand for the district court to consider the undue hardship question in the first instance.

**REVERSED AND REMANDED.**

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

### Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)**

**(1) Purpose**
   **A. Panel Rehearing:**
   - A party should seek panel rehearing only if one or more of the following grounds exist:
     - ➤ A material point of fact or law was overlooked in the decision;
     - ➤ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
     - ➤ An apparent conflict with another decision of the Court was not addressed in the opinion.
   - Do not file a petition for panel rehearing merely to reargue the case.

   **B. Rehearing En Banc**
   - A party should seek en banc rehearing only if one or more of the following grounds exist:
     - ➤ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
     - ➤ The proceeding involves a question of exceptional importance; or

> ➤ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

## (2) Deadlines for Filing:

- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d). The deadlines for seeking reconsideration of a non-dispositive order are set forth in 9th Cir. R. 27-10(a)(2).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

## (3) Statement of Counsel

- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

## (4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))

- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

2

Post Judgment Form - Rev. 8/2025

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➤ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➤ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)**

**Case Name**

Name of party/parties requesting costs to be taxed:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**     **Date**

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd , and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee/Appeal from District Court filing portion of fee ($5) | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** *Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*

**Form 10**     *Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*     *Rev. 12/01/2025*