UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFERY VALE, et al.,

                Plaintiffs,

   v.

CITY OF SEATTLE, et al.,

                Defendants.

Case No. 2:23-cv-01095-TLF

COURT'S AMENDED CASE
SCHEDULING ORDER

The Court, having reviewed the parties' Stipulated Motion to Amend Case Schedule (Dkt. 254), GRANTS the motion and enters an amended scheduling order, listed below.

The Court STRIKES the previous scheduling order. Dkt. 253.

| Event | Date |
|---|---|
| Depositions of non-expert witnesses will be concluded by | November 30, 2026 |
| Disclosure of expert evidence including any vocational expert [all expert disclosures and reports due, except for economic damages] | November 30, 2026 |
| Disclosure of rebuttal expert evidence including any vocational expert [all rebuttal expert disclosures and reports, except for economic damages] | January 29, 2027 |
| Early mediation deadline<br><br>[As of this date, the parties will follow LCR 39.1, engage a professional mediator as described under LCR 39.1(c), and participate in early mediation on a formal basis; this does not preclude the parties from pursuing other | March 19, 2027 |

COURT'S AMENDED CASE SCHEDULING ORDER - 1

| | |
|---|---|
| methods of ADR upon application of the parties and Court approval, see LCR 39.1(f)] | |
| All motions related to discovery (except for economic damages) must be noted on the motion calendar by | April 2, 2027 |
| Discovery (except for economic damages) to be completed by | April 2, 2027 |
| Noting date for final dispositive motions | May 7, 2027<br><br>(final summary judgment motion must be **filed** by April 9, 2027 – 28 days before noting date) |
| Disclosure of damages experts and reports | May 31, 2027 |
| Disclosure of rebuttal damages experts and reports | August 31, 2027 |
| Discovery related to economic damages to be completed by | September 30, 2027 |
| All motions related to discovery on economic damages must be noted on the motion calendar by | October 15, 2027 |
| Mediation completed by<br><br>[As of this date, the parties will have held formal pretrial mediation with a professional mediator and/or with a settlement judge, under LCR 39.1. This does not preclude the parties from pursuing other methods of ADR upon application of the parties and Court approval, see LCR 39.1(f)]. | October 15, 2027 |
| Streamlining trial proposal | October 18, 2027 |
| Agreed LCR 16.1 Pretrial Order due | To be set after the streamlining trial proposal deadline (October 18, 2027) |
| All motions in limine and any Daubert motions must be filed by | February 7, 2028 |

COURT'S AMENDED CASE SCHEDULING ORDER - 2

| Trial briefs, proposed voir dire questions, and proposed jury instructions due by this date. Counsel to confer and indicate with submissions which exhibits are agreed to. | February 25, 2028 |
|---|---|
| Pretrial Conference | March 3, 2028 |
| Trial date | March 13, 2028 |

This order sets firm dates that can be changed only by order of the Court, not by agreement of counsel or parties. The Court will alter these dates only upon good cause shown, or to accommodate Court scheduling conflicts. Failure to complete discovery within the time allowed is not recognized as good cause for an extension of time to complete discovery, or for additional scheduling adjustments. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day.

If the trial dates assigned to this matter create an irreconcilable conflict, counsel must notify Courtroom Deputy, Gayle Riekena at gayle_riekena@wawd.uscourts.gov, within 10 days of this Order and must set forth the exact nature of the conflict. A failure to do so will be deemed a waiver. Counsel must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

Motions

The parties shall follow the requirements of this Court's Order Setting Forth Court Procedures, Dkt. 32; if not addressed in that Order, the parties are directed to follow Rule 7 of the Federal Rule of Civil Procedure and LCR 7.

Privacy Policy

COURT'S AMENDED CASE SCHEDULING ORDER - 3

Pursuant to Federal Rule of Civil Procedure 5.2 and LCR 5.2, parties must redact the following information from documents and exhibits before they are filed with the court:

- Dates of Birth: redact to the year of birth

- Names of Minors: redact to initials

- Social Security Numbers and Taxpayers Identification Number: redact in their entirety

- Financial Accounting Information: redact to the last four digits

- Passport Numbers and Driver License Numbers: redact in their entireties

All documents filed in the above-captioned matter must comply with Federal Rule of Civil Procedure 5.2 and LCR 5.2.

Cooperation and Settlement

As required by LCR 37(a), all discovery matters are to be resolved by agreement if possible. Counsel are further directed to cooperate in preparing the final pretrial order in the format required by LCR 16.1, except as ordered below.

Should this case settle, counsel shall notify Courtroom Deputy, Gayle Riekena at gayle_riekena@wawd.uscourts.gov, as soon as possible. Pursuant to LCR 11(b), an attorney who fails to give prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

Proof of Service and Sanctions

All motions, pretrial statements and other filings shall be accompanied by proof that such documents have been served upon counsel for the opposing party or upon any party acting *pro se.* The proof of service shall show the day and manner of service and may be by written acknowledgement of service, by certificate of a member of the

COURT'S AMENDED CASE SCHEDULING ORDER - 4

bar of this Court, by affidavit of the person who served the papers, or by any other proof satisfactory to the Court. Failure to comply with the provisions of the Order can result in dismissal/default judgment or other appropriate sanction.

Dated this 26th day of June, 2026.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge