UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFERY VALE, et al.,

               Plaintiffs,

    v.

CITY OF SEATTLE, et al.,

               Defendants.

Case No. 2:23-cv-01095-TLF

ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Before the Court are the parties' cross motions for partial summary judgment. Dkt. 163, 230. This matter concerns thirty-six plaintiffs, each former or current employees of the Seattle Fire Department ("SFD"). Plaintiffs challenge their separation from the SFD due to their non-compliance with the COVID-19 vaccination mandate of defendant City of Seattle (hereinafter the "City").

Plaintiffs moved for partial summary judgment as to the City's liability on their Free Exercise Clause and due process claims. Dkt. 163. Defendants filed a cross-motion for partial summary judgment on plaintiffs' due process claim. Dkt. 230.

For the reasons below, plaintiffs' motion for partial summary judgment (Dkt. 163) is **DENIED**. Defendants' motion for partial summary judgment (Dkt. 230), which addresses only plaintiffs' due process claim, is **GRANTED**.

## I.     BACKGROUND

**A.    Factual History**

On August 9, 2021, Mayor Jenny Durkan issued Mayoral Directive No. 9, which required City employees to be vaccinated against COVID-19 by October 18, 2021. Dkt. 232-1 at 4. The directive allowed employees to seek medical or religious exemptions from the vaccination mandate. *Id.*

Employees seeking a religious exemption submitted a COVID-19 vaccination religious exemption/accommodation request form, which allowed employees to explain the basis for their requested exemption. *E.g.*, Dkt. 234-1 at 2-3**.**

If an employee's religious exemption request was approved, the City issued an acknowledgment letter stating that it would "begin the interactive process to determine whether an effective reasonable accommodation exists" and that each request would be evaluated "on a case-by-case basis." *E.g.*, *Id*. at 5. The acknowledgement letter stated that accommodation determinations would consider several factors and accommodation would not be granted where they would create an undue hardship or compromise workplace safety among other concerns. *Id*.

For employees who were granted exemptions, the City later issued final determination letters stating that it was unable to identify any reasonable accommodation that would allow the employees to perform the essential functions of their positions while unvaccinated. *E.g.*, *Id.* at 8 ("Your current job type has essential duties that occur indoors or outdoors that may require unavoidable or unpredictable interaction and/or exposure to others . . ."), 12 ("Moreover, it is not realistic to require, monitor, and enforce proper and continuous mask wearing at all times during every shift for all unvaccinated employees.").

After receiving final accommodation determinations, employees were advised that they could opt to take the vaccine within a specified timeframe, resign, or retire if

ORDER ON PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 2

eligible, or remain unvaccinated and face termination from employment. *E.g.*, *Id.* at 8-9, 12-13. The City states employees who remained unvaccinated and were recommended for separation were provided an opportunity to participate in *Loudermill* hearings before separation from employment. *E.g.*, Dkt. 234 at 3; Dkt. 234-1 at 28.

The City also implemented a contractor vaccination requirement through Executive Order 2021-08, which required contractors performing covered onsite or in-person work for City departments to attest to compliance with the City's vaccination requirements. Dkt. 232-1 at 6, 13.

Plaintiffs challenge the City's vaccine mandate; and each was separated from their employment, resigned, retired, or otherwise left their positions because they did not receive a COVID-19 vaccine. Dkt. 67, 163, 230.

Twenty-six plaintiffs requested religious exemptions from the vaccination requirement and received approval of those exemption requests. Dkts. 166, 168-171, 173-175, 177-183, 185-186, 188, 191-193, 195-199. One plaintiff also pursued a medical exemption in addition to her religious exemption. Dkt. 169.

Three plaintiffs had religious exemption requests initially denied but later granted after they submitted additional information or after further review. Dkts. 165, 184, 194.

Three plaintiffs submitted religious exemption requests that the City denied because of insufficient information. Dkts. 167, 189, 190, 234.

Four plaintiffs did not submit formal religious exemption requests and were terminated from employment for noncompliance with the vaccination requirement. Dkts. 172, 176, 187, 208, 234.

B.    **Procedural History**

ORDER ON PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 3

In July 2023, plaintiffs filed a complaint asserting several federal and state claims against the City's implementation of its COVID-19 vaccination mandate, including claims for alleged violations of the First Amendment Free Exercise Clause and procedural due process. Dkt. 1, 34, 67.

In September 2023, defendants moved to dismiss plaintiffs' claims, and the Court granted the motion in part and denied it in part. Dkt. 38, 58. Relevant here, the Court denied defendants' motion to dismiss as to plaintiffs' as-applied Free Exercise challenge and procedural due process claim, but dismissed plaintiffs' facial Free Exercise challenge. *Id.* The cross-motions for summary judgment are filed in relation to plaintiff's second amended complaint. Dkt. 67.

## II.     DISCUSSION

### A.     Summary Judgment Standard

On summary judgment, the moving party must show "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court may not weigh evidence or credibility and instead must gauge "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail . . ." *Id.* at 252, 255. "[A]ll justifiable inferences" are drawn in the non-moving party's favor. *Id.* at 255.

Summary judgment involves a two-step analysis. First, the moving party has the burden to show there is no genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(B). Second, if the moving party makes this showing, the burden shifts to the non-moving party to show there is a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd.*

*v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (noting the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts.").

In sum, summary judgment is appropriate when the "movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Murphy v. California Physicians Serv.*, 213 F.Supp.3d 1238, 1241 (N.D. Cal. 2016) (noting summary judgment is also appropriate when an issue or matter presents only questions of law).

**B.    Evidentiary Objections**

Defendants move to strike portions of plaintiffs' summary judgment evidence. Dkt. 230 at 38-42. At summary judgment, a "party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2); *Rosa v. Taser Int'l, Inc.*, 684 F.3d 941, 948 (9th Cir. 2012). The Court need not go statement-by-statement to strike portions of the declarations or other evidence. *See Moriarty v. Port of Seattle*, No. 2:23-cv-01209-TL, 2025 WL 3295346, at *7 (W.D. Wash. Nov. 26, 2025). Rather, on summary judgment the Court will consider only evidence that could be presented in admissible form at trial and give no weight to inadmissible evidence or statements. *Id.*

Defendants object to several statements in plaintiffs' declarations concerning alleged offers or discussions about vaccine card fraud. Dkt. 230 at 39-40.  It appears plaintiffs are offering those out-of-court statements for the truth of the matter asserted, therefore, the statements are hearsay. Fed. R. Evid. 801(c).

But, statements attributed to named defendants are an opposing party's statement and thus not inadmissible hearsay. Fed. R. Evid. 801(d)(2). Nor are statements asserted by employees of SFD or the City, if the declarant was acting within the scope of their employment. *Cf. Garcia v. Vitus Energy, LLC*, 605 F. Supp. 3d 1188,

1202-03 (D. Alaska 2022) ("Vitus correctly points out that, although Mr. Edwards was a Vitus employee, his statement does not constitute an opposing party's statement under Federal Rule of Evidence 801 because he was not speaking on a matter within the scope of his employment relationship"). For example, if plaintiff Brown alleges a supervisor told him "the department was adamant that all personnel be vaccinated" and was "unwilling to compromise" is not inadmissible hearsay. Dkt. 172 at 2. The remaining statements alleging vaccine card fraud attributed to other firefighters are inadmissible hearsay as they were outside the scope of their employment.

Defendants also object to declarations arguing the plaintiffs did not disclose witnesses under Fed. R. Civ. P. 26. Dkt. 230 at 41. Those declarations concern out-of-City fire departments, accommodation by other agencies, and alleged mutual-aid or assistance involving non-City fire personnel. Dkts. 200-206.

FRCP 26(a)(1)(A)(i) requires a party to disclose individuals likely to have discoverable information that the party may use to support its claims or defenses. If a party fails to identify a witness as required by Fed. R. Civ. P. 26, the party may not use that witness to supply evidence on a motion unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Since plaintiffs have not shown that the witnesses were timely disclosed, or given any reason for their failure, the Court does not rely on those declarations. *See Wallace v. USAA Life Gen. Agency*, 862 F. Supp. 2d 1062, 1064-67 (D. Nev. 2012) (rejecting, on summary judgment, reliance on undisclosed witnesses as there were no allegation or indication of circumstances preventing their timely disclosure).

Defendants further object to exhibits attached to plaintiffs' attorney Bruce Johnston's (Dkt. 164) declaration, arguing that the exhibits are unauthenticated because

ORDER ON PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 6

Johnston lacked personal knowledge. Dkt. 230 at 41-42. The exhibits at issue include City and SFD emails, letters, communications, or other official materials (Dkts. 164-2, 164-4-7, 164-10-18, 164-20, 164-23, 164-25-30) in addition to an interview transcript of defendant Scoggins and then-mayor Jenny Durkan. Dkt. 164-22.

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a); United States v. Smith, 609 F.2d 1294, 1301 (9th Cir. 1979) (noting at the summary judgment stage, the issue is whether the proof is such that the jury, acting as reasonable persons, could find its authorship as claimed by the proponent).

The Court declines to exclude official City or SFD emails, letters, and similar materials solely because they were attached to counsel's declaration. Many of those materials contain distinctive characteristics sufficient to support authentication, including City or SFD branding, sender and recipient information, signatures, or other official identifiers. *Patterson v. Miller*, 451 F. Supp. 3d 1125, 1142 (D. Ariz. 2020) (finding that emails are authenticated if they provide several indicia of reliability through distinctive characteristics including the sender, recipient, subject line, and other official indicators). But the Court does not consider the interview transcript with Mayor Durkan and Chief Scoggins because it does not have distinctive characteristics or other authenticating features; without sufficient indicia of reliability, the interview is inadmissible evidence. Dkt. 164-22; Fed. R. Evid. 901(a).

For the parties' cross-motions, the Court will thus disregard inadmissible hearsay and unauthenticated materials, and will not rely on declarations from undisclosed

ORDER ON PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 7

witnesses. Defendants' motions to strike are otherwise denied to the extent they seek to strike entire declarations or exhibits rather than specific inadmissible statements.

**C.    Free Exercise Claim**

Plaintiffs move for partial summary judgment on their First Amendment claim. Dkt. 163 at 4, 18. They argue the City violated the First Amendment's Free Exercise Clause by denying accommodations to SFD employees who sought religious exemptions while allowing secular unvaccinated firefighters and medical personnel to work in or enter the City and SFD facilities. *Id.*

**i.   Law**

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. This protection applies to states through the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940).

The Free Exercise Clause protects religious observers from unequal treatment and from laws that impose burdens based on religious status or religious conduct. *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 542-46 (1993).

A neutral and generally applicable law that incidentally burdens religious exercise is subject to rational basis review. *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1075-76, 1084 (9th Cir. 2015). Under rational basis review, the policy need only be rationally related to a legitimate governmental interest. *Id.* at 1084.

A law is not generally applicable if it invites individualized exemptions or prohibits religious conduct while permitting comparable "secular conduct that undermines the government's asserted interests in a similar way." *Fulton v. City of Philadelphia*, 593 U.S. 522, 534 (2021); *see also Fellowship of Christian Athletes v. San Jose Unified Sch.*

*Dist. Bd. of Educ.*, 82 F.4th 664, 687-90 (9th Cir. 2023). Comparability is judged against the government's asserted interest, so courts compare the risks or harms created by the religious and secular conduct. *Tandon v. Newsom*, 593 U.S. 61, 62 (2021).

If a law is not neutral or generally applicable, strict scrutiny applies. *Lukumi*, 508 U.S. at 546. Under strict scrutiny, the government must show that the challenged action advances compelling governmental interest and is narrowly tailored to achieve those interests. *Id.*

### ii. Application

Plaintiffs rely primarily on *Bacon v. Woodward*, 104 F.4th 744 (9th Cir. 2024) (hereinafter "*Bacon* I"), and contend the City's application of its vaccine mandate was not generally applicable because the City allegedly imposed vaccine requirements on its own firefighters while permitting unvaccinated firefighters from other cities or organizations to avoid the same restrictions while operating within the City. Dkt. 163. In *Bacon* I, the Ninth Circuit held that firefighters plausibly stated an as-applied Free Exercise claim where Spokane allegedly denied religious accommodations to its own unvaccinated firefighters while relying on unvaccinated neighboring firefighters whose employers had granted religious accommodations. *Bacon* I, 104 F.4th at 753.

Yet, *Bacon* I was decided at the pleading stage, so the Court was required to accept the firefighters' factual allegations as true and draw reasonable inferences in their favor. *Id.* at 749-50. Plaintiffs must support their summary judgment motion with evidence, not mere allegations. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (explaining that allegations may suffice at the pleading stage, but at summary judgment the plaintiff must set forth specific facts by affidavit or other evidence); *see also Spivack v. City of Philadelphia*, 109 F.4th 158, 174-77 (3rd Cir. 2024) (vacating summary

ORDER ON PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 9

judgment where factual disputes concerning a COVID-19 employee vaccine mandate affected the neutrality and general-applicability analysis).

Plaintiffs assert that evidence concerning non-City firefighters and emergency personnel (such as those from Boeing, South Snohomish County, Central Pierce, and South Pierce) shows the City applied its mandate in an underinclusive manner. *E.g.*, Dkt. 163 at 18-22. Specifically, they allege the City denied accommodations to religious-objector SFD employees while allowing comparable secular unvaccinated personnel to perform similar work. *Id.*; *Lukumi*, 508 U.S. at 543 (holding that an underinclusive law fails general applicability when it burdens religious conduct by permitting secular conduct that undermines the same asserted interest to a similar or greater degree).

But, defendants assert that from October 2021 to February 2023, the City did not use automatic-aid responses or agreements to supplement or replace its unvaccinated employees from neighboring cities. *E.g.*, Dkt. 232 at 2. Defendants also point to the City's contractor mandate and attestation requirements for covered onsite or in-person City work. *E.g.*, Dkt. 232-1 at 6, 13. Defendants state the reason for denying accommodation was due to considerations of: frequency, proximity, and duration of contact with others; type of work environment; available ventilation; space for social distancing; and protective measures that could reasonably and consistently be used. *E.g.*, Dkt. 234-1 at 8.

On the record provided, a reasonable factfinder could conclude that Seattle did not rely on outside employees in the same manner as those terminated. *Tandon*, 593 U.S. at 62 (explaining that general applicability turns on whether the secular comparator undermines the government's asserted interests in a similar way).

ORDER ON PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 10

Plaintiffs also rely on public events and gatherings, including SFD Neighbor Day events, station tours, a King County Fire Chiefs Association event, and a summer potluck. Dkt. 163 at 21-22; *see also, e.g.*, Dkt. 165 at 32-34. Plaintiffs argue these events exposed SFD personnel to unvaccinated members of the public while religious-objector employees were denied accommodations. Dkt. 163 at 21-22.

Viewing the record in the light most favorable to defendants, a reasonable factfinder could conclude that transient public contact at events is not comparable to unvaccinated firefighters working regular shifts, sharing station living spaces, using City vehicles, responding to emergency calls, and providing patient care. *E.g.* Dkt. 230 at 22-23 (citing Dkt. 231); *Kane v. De Blasio*, 19 F.4th 152, 166 (2nd Cir. 2021) (finding that employee vaccine mandate does not lack general applicability merely because it does not regulate every possible source of COVID-19 transmission or apply to "all people, everywhere, at all times"); *see also S. Bay United Pentecostal Church v. Newsom*, 590 U.S. 965, 966-67 (2020) (Roberts, C.J., concurring) (denying injunctive relief and distinguishing worship services from businesses because worship services involve large groups gathering in close proximity for extended periods).

Plaintiffs also rely on evidence concerning blank vaccine cards and alleged vaccine-card fraud. Dkt. 163 at 19-21; *e.g.*, Dkt. 175 at 7 ("I have personal knowledge seeing those cards unattended over multiple shifts"). Plaintiffs argue this evidence shows the City tolerated secular noncompliance while denying religious accommodations. Dkt. 163 at 19-21. Yet, plaintiffs' own evidence also suggests that the blank vaccine cards were not limited to a defined secular group. Dkt. 215 at 2 ("The cards were left unattended, free for the taking") ("It was generally known through the

ORDER ON PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 11

Seattle Fire Department that those blank cards were available throughout the City at most stations").

At most, the evidence suggests possible unauthorized misconduct or imperfect enforcement, which does not by itself establish that the City created a secular exemption or treated comparable secular conduct more favorably than religious exercise. *Stormans*, 794 F.3d at 1079-82 (rejecting selective enforcement where the record did not show different enforcement against similarly situated religious objectors).

Since plaintiffs fail to  establish that the City's mandate was not neutral or generally applicable, the Court does not apply strict scrutiny. *See Lukumi*, 508 U.S. at 546. Thus, the City's application of the mandate may be reviewed under rational basis. *See Stormans,* 794 F.3d at 1084.

The City's interests in reducing COVID-19 transmission, protecting firefighters and the public, and maintaining emergency response operations are legitimate governmental interests, and the vaccination requirement was rationally related to those interests. Dkt. 232-1; *Kane*, 19 F.4th at 166-67 (holding that an employee vaccine mandate was neutral and generally applicable and satisfied rational basis review because it was rationally related to the city's interests in reducing COVID-19 transmission and protecting public services).

Even assuming for purposes of analysis that strict scrutiny applied, plaintiffs still would not be entitled to summary judgment. The City's interests in reducing the spread of COVID-19 and protecting firefighters, patients, coworkers, and the public are compelling interests. *Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 18 (2020) ("stemming the spread of COVID-19 is unquestionably a compelling interest").

ORDER ON PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 12

Plaintiffs argue the City failed to narrowly tailor their vaccine mandate as it could have used less restrictive alternatives, including masking, testing, distancing, reassignment, telework, or leave. Dkt. 163 at 23-24. But defendants dispute whether those alternatives were feasible for SFD employees whose duties involved emergency response, patient care, shared vehicles, close contact with others, and congregate station settings. Dkt. 230 at 27-28; Dkt. 231-1 ("Mitigation techniques such as masking, testing, and social distancing are inferior to vaccination"); *see also Petersen v. Snohomish Reg'l Fire & Rescue*, 150 F.4th 1211, 1221–23 (9th Cir. 2025) (discussing in the context of Title VII claim the safety, staffing, operational, and financial burdens associated with accommodating unvaccinated firefighters).

In sum, the record provided does not satisfy plaintiffs' summary judgment burden. *See Bacon* I, 104 F.4th at 756–60; *Anderson*, 477 U.S. at 255; *Matsushita*, 475 U.S. at 587. Viewing the evidence in the light most favorable to defendants, genuine disputes of material facts remain over whether Seattle permitted comparable unvaccinated secular conduct, whether the public-event and vaccine-card evidence shows unequal treatment, and whether plaintiffs' proposed accommodations would have adequately served the City's asserted interests.

The Court thus finds plaintiffs are not entitled to judgment as a matter of law on their as-applied Free Exercise Clause claim.

**D.    Due Process Claim**

The parties filed cross-motions for partial summary judgment on plaintiffs' due process claim. Dkt. 163 at 5, 14, 26, 35; Dkt. 230 at 30.

Plaintiffs' due process claim primarily asserts the City's termination process and hearings violated *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985). *E.g.* Dkt.

163 at 5-6, 26-29, 31, 34-38. Plaintiffs also assert the City failed to adhere to the requirements of SMC 4.08.100, and failed to provide any post-termination procedures. *E.g.*, *id.* at 6, 26, 29-30, 37.

On June 18, 2024, this Court denied defendants' motion to dismiss plaintiffs' due process claim. Dkt. 58 at 11-13. This Court explained "[p]laintiffs are entitled to relief if they can demonstrate that their *Loudermill* hearings were essentially 'sham' proceedings at which Defendants informed them of an existing an inflexible decision to terminate her employment." Dkt. 58 at 12 (citing *Loudermill*, 470 U.S. at 545-46). "Stated differently, Plaintiffs are entitled to relief if they can prove that Defendants decided to terminate their employment before their pre-termination hearings and could not have been influence by anything Plaintiffs may have said during the meetings." Dkt. 58 at 12.

On the same day however, the Ninth Circuit issued its decision in *Bacon v. Woodward*, No. 22-35611, 2024 WL 3041850 (9th Cir. Jun. 18, 2024) (hereinafter "*Bacon* II"). The matter addressed Washington's Proclamation that "required firefighters in Washington State to be fully vaccinated against COVID-19." *Id*. at *1.

The *Bacon* II Court affirmed the dismissal of the firefighters' due process claim. *Id.* at *1-*2. The Court rejected the firefighters' reliance on *Loudermill* to assert "their due process rights were violated when they were denied religious and medical accommodations after what they considered to be sham hearings." *Id.* at *1-*2.

The Court explained that "[w]ith respect to a categorical challenge to the substance of a generally applicable law impacting property rights—such as 'continued employment in a state job' –we have held that no procedural due process is required beyond the proper promulgation of the new substantive rule." *Id.* at *2 (quoting *Rea v.*

ORDER ON PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 14

*Matteucci*, 121 F.3d 483, 484–85 (9th Cir. 1997)). "The notice provided in the Proclamation was therefore sufficient." *Id.*

The Court elaborated that "[t]o the extent that hearings were required under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542–48 (1985), in order to assess how the Proclamation would be applied in the firefighters' individual cases, the firefighters do not sufficiently allege that their procedural due process rights were violated." *Id.* "The firefighters did not like the substance of the City's construction of the Proclamation in their individual cases, but that is not a procedural due process objection." *Id.*

In light of *Bacon* II, this Court's previous order on defendants' motion to dismiss "considered only the sufficiency of [the] plaintiffs' allegations that their *Loudermill* hearings were insufficient, not whether those hearings were required in the first place" as this Court "did not have the benefit of the Ninth Circuit's guidance in *Bacon* on that precise question . . ." *Moriarty v. Port of Seattle*, No. 2:23-cv-01209-TL, 2025 WL 3295346, at *19 (W.D. Wash. Nov. 26, 2025).

Courts in the Ninth Circuit have subsequently followed *Bacon* II when addressing summary judgment motions on similar due process claims against generally applicable vaccine mandates. *E.g. Strandquist v. Dep't of Soc. & Health Serv.*, No. 3:23-cv-05071-TMC, 2024 WL 4645146, at *8 (W.D. Wash. Oct. 31, 2024) (citation omitted) (addressing a state agency employee's claim, holding that Washington's "Proclamation itself, combined with its procedures for applying for exemptions and accommodations, provided the core requirements of 'notice and an opportunity to respond' required by Loudermill"); *Shirley v. Dept' of Fish & Wildlife*, No. 3:23-cv-05077-DGE, 2025 WL 1360872, at *5 (W.D. Wash. May 9, 2025) (addressing state agency employees' claims,

holding "[p]laintiffs do not identify clearly established law requiring a *Loudermill* hearing for employees that are separated due to a generally applicable requirement—like a vaccine mandate" as "Ninth Circuit precedent," such as *Bacon* II, "cuts the opposite way"); *Eshom v. King County*, 812 F.Supp.3d 1190, 1205-06 (W.D. Wash. 2025) (addressing sheriff's deputies claims against the County's vaccine mandate); *Moriarty*, 2025 WL 3295346, at *19 (addressing a Port of Seattle employee's claim challenging the Port's vaccine mandate).

Bacon II and other similar cases appear applicable to the present matter. For example, similar to *Moriarty*, this Court's order on defendant's motion to dismiss already determined that the City's mandate is generally applicable. Dkt. 58 at 15; *Moriarty*, 2025 WL 3295346, at *20. Plaintiffs do not substantively challenge either the promulgation of the City's vaccine mandate, or the notice it provided. *Bacon* II, 2024 WL 3041850, at *2. And similar to *Shirley*, plaintiffs do not present on-point authority requiring a *Loudermill* hearing when a public employee is separated due to non-compliance with a generally applicable vaccine requirement. 2025 WL 1360872, at *5.

While *Bacon* II and other cases do not directly address the City's vaccine mandate itself, the City's mandate is functionally equivalent to the mandates upheld in those matters. *Compare, e.g., Efimoff v. Port of Seattle*, No. 2:23-cv-01307-BAT, 2024 WL 4765161, at *4 (W.D. Wash. Nov. 13, 2024) (requiring employees be fully vaccinated unless exempted, providing an exemption process for both medical and religious reasons, providing for accommodations so long as there isn't an undue hardship or threat to health and safety); *with, e.g.*, Dkts. 232-1, 234-1 (the City's vaccine mandate providing for religious and medical exemptions and City letters explaining the accommodation decision process and the factors considered).

ORDER ON PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 16

And while plaintiffs assert other authority addressing termination procedures, namely SMC 4.08.100, "State regulations may set forth their own procedures for notice and hearings, but the question before the Court is whether the Proclamation provides that required process, and the Court has found that it does." *Pilz v. Inslee*, No. 3:21-cv-05735-BJR, 2022 WL 1719172, at *7 (W.D. Wash. May 27, 2022) (citation omitted) (holding also that "the Court joins other '[d]istrict courts around the country [that] have' rejected procedural due process challenges 'to employer-issued vaccine mandates during the COVID-19 pandemic, finding employees are not entitled to greater service than what is provided by enactment of the mandates themselves.'").

The Court thus finds defendants are entitled to judgment as a matter of law on plaintiffs' due process claim under the above-described authorities.

### III.    CONCLUSION

For the reasons above, the Court **ORDERS:**

1) Plaintiffs' partial motion for summary judgment (Dkt. 163) is **DENIED**.

2) Defendants' partial motion for summary judgment (Dkt. 230), which only addresses plaintiffs' due process claim, is **GRANTED**.

Dated this 24th day of July, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER ON PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 17