UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFERY VALE, et al.,

Plaintiffs,

v.

CITY OF SEATTLE, et al.,

Defendants.

Case No. 2:23-cv-01095-TLF

ORDER DENYING RECONSIDERATION

Before the Court is plaintiffs' Motion for Reconsideration under LCR 7(h) (Dkt 267) of part of this Court's summary judgment order (Dkt. 258). Plaintiffs seek reconsideration of this Court's summary judgment dismissal of their due process claim which asserted *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985). *E.g.*, Dkt. 258 at 13-17. For the reasons below, the Court **DENIES** the motion.

Under LCR 7(h)(1), "[m]otions for reconsideration are disfavored" and "the Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

Plaintiffs assert this Court committed manifest error by not accounting for the termination procedures within the Seattle Municipal Code ("SMC"), such as SMC 4.08.100 and .140, or Washington State law, such as RCW 41.08.010 and the Washington Supreme Court's decision in *Danielson v. City of Seattle*, 108 Wn.2d 788

(1987). *E.g.*, Dkt. 267 at 2 (asserting plaintiffs were "tenured Seattle civil-service firefighters whom the Seattle Municipal Code ('SMC') permitted Defendants to discharge only for cause.").

In dismissing plaintiffs' procedural due process claim, this Court noted numerous decisions from the Ninth Circuit and Western District that addressed similar *Loudermill* claims. Dkt. 258 at 13-17. In sum, these decisions held that "when a policy is generally applicable, 'no procedural due process is required beyond the proper promulgation of the new substantive rule.'" *Moriarty v. Port of Seattle*, No. 2:23-cv-01209-TL, 2025 WL 3295346, at *19 (W.D. Wash. Nov. 26, 2025) (quoting *Bacon v. Woodward*, No. 22-35611, 2024 WL 3041850, at *2 (9th Cir. June 18, 2024)).

Stated otherwise, "'district courts around the country . . . have rejected procedural due process challenges to employer-issued vaccine mandates during the COVID-19 pandemic, finding employees are not entitled to greater service than what is provided by enactment of the mandates themselves.'" *Id.* at *20 (quoting *Martinez v. Eastside Fire & Rescue*, No. 2:24-cv-01706-TL, 2025 WL 1654649, at *12 (W.D. Wash. Jun. 10, 2025)); *see also Strandquist v. Dep't of Soc. & Health Serv*., No. 3:23-cv-05071-TMC, 2024 WL 4645146, at *8 (W.D. Wash. Oct. 31, 2024) (noting that even if *Loudermill* was applicable, "the Proclamation itself, combined with its procedures for applying for exemptions and accommodations, provided the core requirements of 'notice and an opportunity to respond' required by *Loudermill*.").

And, as referenced in the Court's Order, *e.g.*, Dkt. 258 at 17, this Court already addressed similar arguments to those presented in plaintiffs' motion for reconsideration. *Pilz v. Inslee*, No. 3:21-cv-05735-BJR, 2022 WL 1719172 (W.D. Wash May 27, 2022). This Court in *Pilz* noted "Plaintiffs' allegations that certain employees—particularly

firefighters and state troopers—'have not been given [their] statutorily required hearing' or 'cannot be disciplined without the process required under RCW 43.43,'[1] . . ." *Pilz*, 2022 WL 1719172, at *7. The Court rejected this argument as "even taken as true, have nothing to do with the Proclamation. State regulations may set forth their own procedures for notice and hearings, but the question before the Court is whether the Proclamation provides that required process, and the Court has found that it does." *Id.*; *see also Gray v. Wash. State Dep't of Transportation*, No. 3:23-cv-05418-DGE, 2023 WL 6622232, at *1, *4-*5 (W.D. Wash. Oct. 11, 2023) (rejecting a challenge to Washington State's vaccine mandate which argued the state employees involved could only be terminated "for cause").

Accordingly, the Motion for Reconsideration (Dkt. 267) is **DENIED**.

Dated this 6th day of November, 2026.

Theresa L. Fricke
United States Magistrate Judge

[1] For example, RCW 43.43.070 governs the discharge of Washington State Patrol officers and provides "Discharge of any officer with probationary status and discharge, demotion, or suspension of any officer with nonprobationary status shall be only for cause" in addition to other processes, including a "public hearing before a trial board . . ."