UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFERY VALE, et al.,

Plaintiffs,

v.

CITY OF SEATTLE, et al.,

Defendants.

Case No. 2:23-cv-01095-TLF

ORDER DENYING PLAINTIFF MATTILA'S MOTION FOR SUMMARY JUDGMENT

The matter before the Court is plaintiff Brent Mattila's Motion for Partial Summary Judgment. Dkt. 259. Plaintiff brings the motion on his Washington Law Against Discrimination ("WLAD") claim. Dkt. 259 at 1. He argues the City of Seattle (hereinafter "the City") unlawfully refused to accommodate him, such as by providing unpaid leave, even though he was terminated approximately two months before the City rescinded its vaccine mandate. *E.g.* Dkt. 1 at 1-3.

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 21. On November 3, 2026, the Court held a hearing where the parties presented oral argument and the Court ultimately **DENIED** the motion. Dkt. 318. This order serves to memorialize the Court's reasoning for the denial.

## I. BACKGROUND

On August 9, 2021, Washington State implemented its vaccine mandate through Proclamation 21-14. *Pilz v. Inslee*, No. 3:21-cv-05735-BJR, 2022 WL 1719172, at *1

(W.D. Wash. May 27, 2022). On the same date, the City implemented its own vaccine mandate through Mayoral Directive No. 9. Dkt. 260-5. Mayoral Directive No. 9 states "[a]ll city employees are required to be fully vaccinated with verification against the COVID-19 virus as a condition of employment on October 18, 2021." Dkt. 260-5. At issue here is the City's process for employees to seek religious exemptions to the vaccine mandate. Dkts. 259, 260-5.

At the time the City's mandate was implemented, Plaintiff Mattila worked for the Seattle Fire Department ("SFD") as a Firefighter Lieutenant. Dkt. 261 (Mattila Declaration); Dkt. 279 (Scoggins Declaration).

In September 2021, plaintiff Mattila submitted a religious exemption request to the City. Dkts. 260-1, 260-2, 261.

In early October 2021, the City approved the exemption request, issuing a memorandum stating it would evaluate whether a reasonable accommodation existed for plaintiff's position. Dkts. 260-3, 261.

That same month, the City issued another memo informing plaintiff that the City determined no reasonable accommodation existed, due to the nature of plaintiff's job – a job that included unavoidable and unpredictable interaction and exposure to others. Dkts. 260-4, 261.

Over the following months, plaintiff Mattila states he exhausted various forms of leave he had accumulated to forestall his termination. Dkt. 261.

On October 28, 2022, Washington State rescinded its vaccine mandate through Proclamation 21-14.6. Dkt. 260-8.

On December 5, 2022, plaintiff Mattila attended a *Loudermill* hearing, after which the City issued a letter stating he would be terminated on December 8, 2022. Dkt. 261.

Plaintiff Mattila states he unsuccessfully proposed leave without pay as a potential accommodation at his *Loudermill* hearing. Dkt. 261.

On February 6, 2023, the City rescinded its vaccine mandate through Executive Order 2023-02. Dkt. 260-9.

## II. DISCUSSION

### A. Summary Judgment Standard

On summary judgment, the moving party must show "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). The Court may not weigh evidence or credibility and instead must gauge "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail . . ." *Id.* at 252, 255. "[A]ll justifiable inferences" are drawn in the non-moving party's favor. *Id.* at 255.

Summary judgment involves a two-step analysis. First, the moving party has the burden to show there is no genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(B). Second, if the moving party makes this showing, the burden shifts to the non-moving party to show there is a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (noting the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts.").

### B. WLAD Religious Discrimination Standard

For plaintiff's religious discrimination claim under the WLAD, he must establish a prima facie case showing (1) he had a bona fide religious belief that conflicted with a job requirement; (2) the employee notified the employer of the conflict; and (3) the

employee was discharged because of his or her refusal to comply with the job requirement. *Hiatt v. Walker Chevrolet Co.*, 120 Wn.2d 57, 64-65 (1992); *Kumar Fate Gourmet Inc.*, 180 Wn.2d 481, 501 (2014).

If the prima facie case is established, the burden then shifts to the employer to show either (1) it attempted in good faith to accommodate plaintiff's religious practices, thus discharging its statutory duty to the employee; or (2) it may show that accommodation of the religious practice cannot be made without undue hardship on the employer's business. *Hiatt*, 120 Wn.2d at 65 (1992); *Kumar*, 180 Wn.2d at 502 (reframing the first option as the employer showing "it offered the employee a reasonable accommodation . . .").

"For help interpreting the WLAD, we look to cases applying Title VII's prohibition against religious discrimination." *Kumar*, 180 Wn.2d at 496. And when gauging undue hardship, while courts caution that the ADA and Title VII standards are "not identical," both still "contemplate similar factors." *Combs v. PeaceHealth*, No. 6:23-cv-01486-AA, 2026 WL 745102, at *19 (D. Or. Mar. 17, 2026).

**C. Plaintiff Mattila's Motion**

The Court finds summary judgment should be denied due to at least two genuine disputes of material fact.

**i. Religious Conflict**

As noted above, the WLAD requires a plaintiff establish they asserted a bona fide religious belief that conflicted with a job requirement. *Hiatt*, 120 Wn.2d at 64-65; *Kumar Fate Gourmet Inc.*, 180 Wn.2d at 501.

This requirement has two parts. First, plaintiff must establish a "bona fide religious belief" which is "one that is sincerely held." *Bordeaux v. Lions Gate Entm't,*

*Inc.*, 703 F. Supp. 3d 1117, 1129-30 (C.D. Cal. 2023). Second, plaintiff must show this belief “genuinely conflicts” with a job requirement. *Id.* at 1130. This is not an “inquiry into the reasonableness of a plaintiff’s beliefs,” but rather “whether a plaintiff ‘has alleged an actual conflict.’” *Id.* (quoting *Bolden-Hardge v. Off. of the Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023) (stating “we do not interrogate the reasonableness of Bolden-Hardge's beliefs and instead focus our inquiry on whether she has alleged an actual conflict.”)) Here, the Court’s analysis focuses plaintiff’s asserted conflict between his stated beliefs and the City’s vaccine mandate.

Plaintiff Mattila argues summary judgment is proper as “the City had unequivocally acknowledged [his] religious sincerity,” Dkt. 259 at 12, in reference to the City having approved his religious exemption request in September 2021. Dkts. 260-1, 260-2, 260-3.

A state agency’s previous determination that a plaintiff held a sincere religious belief does not, on its own, automatically establish a bona fide religious belief, “‘much less one that conflicted with a requirement of [his] employment.’” *Bartholomew v. Washington*, 693 F. Supp. 3d 1107, 1113-14 (W.D. Wash. 2023) (quoting *Troulliet v. Gray Media Grp., Inc.*, No. CV 22-5256, 2023 WL 2894707, at *5 (E.D. La. Apr. 11, 2023)).[1]

---

[1] At oral argument, plaintiff argued against reliance on *Bartholomew*. Dkt. 318.

Plaintiff distinguished *Bartholomew* as addressing a Rule 12(b)(6) motion, but this does not override the matter’s observation that a prior exemption request and approval does not automatically establish a plaintiff’s claim.

Plaintiff also argued *Bartholomew* has been overruled by the Ninth Circuit’s recent decision in *Ridings v. PeaceHealth*, --- F.4th ----, 2026 WL 2871881 (9th Cir. 2026). There, the Ninth Circuit disapproved of the District Court dismissing plaintiff’s claim under Rule 12(b)(6), and the Court’s failure incorporate plaintiff’s exemption request by reference. *Id.* at *3, *6. Here, the Court does not dismiss or foreclose plaintiff’s ability to assert the claim, but rather addresses whether factual disputes exist for a jury to resolve.

While the City's prior approval of the exemption may be a consideration for the jury, courts have also held evidence of plaintiff acting inconsistently with their asserted religious belief or conflict is relevant to gauging a religious discrimination claim on summary judgment. *E.E.O.C. v. Union Independiente*, 279 F.3d 49, 57 (1st Cir. 2002); *see also Dunbar v. Twentieth Century Fox Television*, No. CV 22-1075-DMG (JCx), 2024 WL 2107712, at *5 (C.D. Cal. Mar. 8, 2024), *abrogated on other grounds in Cherry v. Washington Dep't of Fish & Wildlife*, 188 F.4th 1170, 1178, 1181 (9th Cir. 2026).

Turning to the contents of plaintiff's exemption request, he stated "[a]borted fetal cells were used to develop the vaccines and I do not believe in abortion . . . my body is my temple and it is my choice what goes into it."[2] Dkt. 261 at 16. The request also references a "letter of declination that was sent on 9/17 . . ." Dkt. 261 at 16. This letter, which plaintiff Mattila emailed to the City on September 17, 2021, requested a religious exemption and primarily asserted various state and federal authorities to that effect. Dkt. 261 at 13. The letter also asserted he "retain[s] the right to decline all attempts to access, influence and otherwise alter my biological material and or biological systems which are the craftsmanship of my Creator and of which my Creator has granted me sole possession, proprietorship, and use of." Dkt. 261 at 13.

The record otherwise contains evidence which a reasonable jury could find is inconsistent with plaintiff's asserted conflict between the vaccine mandate and his beliefs, namely his objections to abortion.

[2] Courts in this Circuit have held that while a "religious belief that '[t]he human body is the temple of the Holy Spirit' is presumed sincerely held" such an assertion on its own does not necessarily establish a plaintiff's objection is religious in nature. *Beeching v. PeaceHealth*, No. 6:23-cv-01486-AA, 2025 WL 343618, at *5 (D. Or. Jan. 30, 2025) (noting also the record indicated the "objection arises from conclusions that she derived from scientific and medical research, not from a religious tenet.").

In plaintiff Mattila's deposition he initially acknowledged receipt of a City email asking whether his "particular religious beliefs would allow [him] to obtain the Sinopharm vaccine . . ?" Dkt. 277-1 at 21; *see also* Dkt. 278 at 1-2 (a declaration from defendants' expert Dr. John Lynch stating the Sinopharm vaccine, in addition to others, "did not use fetal-derive cell lines at any step . . ."). Plaintiff Matilla initially answered he "did not" when asked whether he "looked into whether the Sinopharm vaccine comported with [his] religious beliefs?" Dkt. 227-1 at 21. A jury could find the asserted conflict was undermined by evidence showing the Sinopharm vaccine was offered and that the vaccine did not utilize fetal-derived cells. And, plaintiffs' own expert, Dr. Harvey Risch, provided deposition testimony stating it was "uncertain" whether COVID vaccines used cells "derived from an aborted cell" and he had "no evidence one way or the other." Dkt. 277-4 at 4-5. A reasonable jury could thus find this evidence undermines the key conflict between plaintiff asserted between his beliefs regarding abortion and the vaccine requirement.

Mattila also testified on his immunization history. Dkt. 277-1. While plaintiff Mattila disputes the accuracy of his "MyIR Mobile" immunization history record, it shows he received a flu vaccine in January 2020. Dkt. 277-1 at 22-23. In the same deposition, he answered "no" when asked whether he researched whether any medications he has taken were "developed with fetal cells," stating "I don't have a need" when asked to elaborate. Dkt. 277-1 at 16. A reasonable jury could find, based on plaintiff's testimony he has not otherwise researched the contents of medications he received, undermines his asserted conflict between his beliefs and the vaccine mandate.

Plaintiff Mattila also testified he objected to COVID-19 vaccines as a "test drug" which "didn't go through the normal testing procedures" and was thus "not a tried and

true and proven vaccine." Dkt. 277-1 at 4. From this, a reasonable jury could find plaintiff's conflict with the vaccine mandate was not based on his professed religious objection to abortion, but concerns as to its development and testing.[3]

**ii. Leave Without Pay**

Plaintiff Mattila's motion also hinges on the timing of his termination on December 8, 2022, which occurred after Washington State rescinded its vaccine mandate on October 28, 2022, but before the City rescinded its vaccine mandate on February 6, 2023. Dkt. 259. Specifically, plaintiff argues the City violated the WLAD as a matter of law by terminating him "[r]ather than temporarily placing Plaintiff on unpaid administrative leave for the brief period before the City rescinded its own vaccination mandate . . . despite knowing its own mandate would likewise soon be rescinded . . ." Dkt. 3 at 259. Plaintiff argues the proposed accommodation, here unpaid leave, did not present an undue hardship.

In assessing undue hardship, courts consider all relevant factors in the case at hand, including both economic and non-economic costs of the accommodation. *Hailey v. Legacy Health*, No. 3:23-cv-00149-IM, 2024 WL 4253238, at *7-*10 (D. Or. Sept. 20, 2024) (citing *Groff v. DeJoy*, 600 U.S. 447, 470-71 (2023)).

This analysis must be confined to information available to the employer at the time it made its accommodation decision – the information for which the employer had notice. *Id.* at *9. Otherwise, gauging an employer's actions based on information not available at the time of their decision creates an impossible 'crystal ball' standard.

---

[3] While plaintiff appears to recant or otherwise qualify portions of this testimony later in the deposition, a jury is permitted to consider a party's recanted testimony and weigh it against other portions of the party's testimony. *See Jones v. Taylor*, 763 F.3d 1242, 1248 (9th Cir. 2014).

*O'Hailpin v. Hawaiian*, No. 22-00532 HG-WRP, 2025 WL 1543951, at *8 (D. Haw. May 30, 2025) (citing *Kluge v. Brownburg Cmty. Sch. Corp*., 64 F.4th 861, 888 (7th Cir. 2023) *vacated on other grounds by Groff v. DeJoy*, 600 U.S. 447, 458, 473 (2023)).

While courts have previously been skeptical of indefinite unpaid leave, such an accommodation is not an undue hardship per se. *See Norris v. Allied-Sysco Food Servs. Inc.*, 948 F. Supp. 1418, 1438 (N.D. Cal. 1996); *see also Dark v. Curry Cnty.*, 451 F.3d 1078, 1090 (9th Cir. 2006) (noting there was a genuine dispute on the reasonableness of unpaid leave of 'extended' or even 'unspecified' duration). Rather, like with any undue hardship analysis, the Court must gauge the circumstances at the time the accommodation decision was made.

Here, without more particularized evidence of defendants' knowledge of when the City's mandate would be lifted, there is a genuine issue as to whether defendants were facing a request for indefinite unpaid leave which is material to the undue hardship analysis.

Plaintiff asserts there is no genuine issue of material fact as to the timing of Washington State's decision to rescind its mandate in October 2022. *E.g.*, Dkt. 259 at 14. While a jury may consider Washington State's rescission, the actions of one entity, standing alone, do not establish as a matter of law the intentions or knowledge of another entity. *See Petersen v. Snohomish Regional Fire & Rescue*, 150 F.4th 1211, 1222 (9th Cir. 2025) ("We cannot judge SRFR by the responses taken by other fire departments . . . Nor can we judge SRFR with the clarity of hindsight . . .").

Plaintiff also points to the situations of two other SFD personnel, namely plaintiff Steve Ericson and Jason Allen. *E.g.*, Dkt. 259 at 9; *see also* Dkt. 262 (Ericson Declaration); Dkt. 266 (Allen Declaration). "Firefighter Jason Allen was scheduled for a

*Loudermill* hearing on January 31, 2023, just a week before the City finally lifted its mandate" and that "[w]ithout reason, the City pushed that Loudermill date out to February 7, 2023, at which time he was advised that Directive #9 was withdrawn . . ." Dkt. 259 at 9 (citing Dkt. 266). "Steve Ericson was also permitted six months of leave without pay, and then ultimately, his *Loudermill* [hearing] for termination was set for January 23, 2023, approximately two weeks before the City lifted the mandate." Dkt. 259 at 9 (citing Dkt. 262). "Although Firefighter Ericson was told at his *Loudermill* that he would be terminated in three days, the City thereafter sent Firefighter Ericson notice on February 6, 2023, the day the City lifted the mandate" that he could return. Dkt. 259 at 9-10.

Neither of the above two situations establish defendants' knowledge of when the City's vaccine mandate would be rescinded or the veracity of unpaid leave to a degree sufficient satisfy the summary judgment standard. For example, each individual had *Loudermill* hearings scheduled over a month after Mattila was terminated. Dkts. 262 (hearing held on January 23, 2023); Dkt. 266 (hearing initially scheduled January 31, 2023, re-scheduled to February 7, 2023). And, while plaintiff Ericson declares he was granted six months of paid leave from June 2022 to December 2022, he states this was on the basis of his specific circumstances, i.e. "medical leave," and that he had previously been granted medical leave for his diagnosed medical conditions. Dkt. 262 at 2-3.

Based on the record provided, the determination of whether plaintiff Mattila's unpaid leave request presented an undue hardship is for a jury, not this Court. *See, e.g., Lewis-Williams v. San Francisco Bay Area Rapid Transit Dist.*, No. C 22-06119 WHA, 2024 WL 5250353, at *3 (N.D. Cal. Dec. 30, 2024) (noting, on a motion for

judgment as a matter of law, that even if the defendant did not know when a vaccine mandate would be lifted, a reasonable jury may still find indefinite leave reasonable under certain circumstances).

## III. CONCLUSION

For the reasons above, the Motion for Partial Summary Judgment (Dkt. 259) is **DENIED**.

Dated this 9th day of November, 2026.

Theresa L. Fricke
United States Magistrate Judge