UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFERY VALE, et al.,

Plaintiffs,

v.

CITY OF SEATTLE, et al.,

Defendants.

Case No. 2:23-cv-01095-TLF

ORDER DENYING MOTION FOR A PRELIMINARY INJUNCTION AND REINSTATEMENT

The matter before the Court is plaintiffs' Emergency Motion for a Mandatory Preliminary Injunction and Reinstatement. Dkt. 287. Plaintiffs argue the Seattle Fire Department ("SFD") unlawfully imposed a blanket pre-reinstatement requirement for all plaintiffs to complete full Recruit Drill Academy without any individualized assessment of plaintiffs' qualifications. Dkt. 287.

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 21. For the reasons below, the Court **DENIES** the motion (Dkt. 287). Plaintiffs fail to satisfy the high bar required for mandatory preliminary injunctive relief.

## I. BACKGROUND

Numerous plaintiffs sought religious exemptions to the City's vaccine mandate, but were ultimately terminated or otherwise separated from their employment with SFD due to their refusal to be vaccinated against COVID-19. Dkts. 287, 307. Following the

City's rescission of its vaccine mandate February 2023, plaintiffs sought reinstatement with SFD. Dkts. 287, 307.

Plaintiffs now move for a mandatory preliminary injunction and reinstatement. Dkt. 287. Plaintiffs assert they requested reinstatement, but the City required plaintiffs to complete a full 15.5-week Recruit Drill Academy prior to reinstatement. Dkt. 287. Plaintiffs argue this requirement violates the Free Exercise Clause, Title VII, and the Washington Law Against Discrimination. Dkt. 287. More specifically, plaintiffs argue this requirement is being separately applied to them and breaks with the City's historical practice of tailoring reinstatement training to the firefighters' individual experiences. Dkt. 287. The City argues SFD's has historically required firefighters to complete full Recruit Drill Academy training after not being employed by SFD for an "extended period of time." Dkt. 307.

## II. DISCUSSION

"A plaintiff seeking a preliminary injunction must establish that he is [1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008); *Nken v. Holder*, 556 U.S. 418, 435 (2009) (holding the third and fourth factors merge when the government is the opposing party).

Further, when a party "seeks a mandatory injunction, she must establish that the law and facts *clearly favor* her position, not simply that she is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (emphasis in original); *Pittman v. Landsphere Prop. Mgmt.*, 807 F. Supp. 3d 969, 972 (N.D. Cal. 2025). The Ninth Circuit has observed, "[i]n general, mandatory injunctions are not granted unless extreme or

very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages." *Doe v. Snyder*, 28 F.4th 103, 111 (9th Cir. 2022) (citations and quotation marks omitted).

Here, plaintiffs fail to satisfy the *Winter* requirements for one key reason, namely that plaintiffs fail to sufficiently demonstrate they suffered a form of irreparable harm that warrants preliminary relief.

"[R]einstatement pending a trial on the merits, even in cases of race or sex discrimination, is an extraordinary remedy permissible only upon a substantial showing of irreparable injury." *E.E.O.C. v. City of Janesville*, 630 F.2d 1254, 1259 (7th Cir. 1980); *see also Payton v. Walsh*, 579 F. Supp. 3d 1057, 1064 (S.D. Ind. 2022) (applying this principle in the context of a Title VII religious discrimination claim).

For plaintiffs' claims of financial harm, loss of seniority, or other harms typical to losing one's employment, courts in the Ninth Circuit have held that "discharge and its associated consequences do not ordinarily constitute irreparable harm, no matter how 'severely they may affect a particular individual.'" *O'Hailpin v. Hawaiian Airlines, Inc.*, 583 F. Supp. 3d 1294, 1303 (D. Haw. 2022) (quoting *Sampson v. Murray*, 414 U.S. 61, 92 n.68 (1974)).

This holding is based upon the principle that the "'possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.'" *Id.* at 1302-03 (quoting *Sampson*, 414 U.S. at 90); *see also Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979) ("should Anderson succeed on the merits, she can be promoted retroactively and compensated in damages and back pay."). Accordingly, "[i]n cases

involving vaccine policies, courts have consistently found that a loss of employment is not irreparable harm." *O'Hailpin*, 583 F. Supp. 3d at 1303 (collecting cases).

Plaintiffs also assert various non-pecuniary harms, such as the "punitive, degrading, and retaliatory nature" of forcing plaintiffs to re-do Recruit Drill Academy. *E.g.*, Dkt. 313 at 5, 7 (arguing also the requirement imposes "unnecessary physical rigors and humiliating treatment . . ."). However, courts have held that such harms, without more particularized evidence, do not reach the high bar required for preliminary relief. *E.g.*, *Payton*, 579 F. Supp. 3d at 1063-64 (noting a general assertion of harm to reputation, loss of face, and loss of status were insufficient for preliminary relief); *see also Bell Atl. Bus. Sys., Inc. v. Storage Tech. Corp.*, No. C–94–0235 MHP, 1994 WL 125173, at *2 (N.D. Cal. Mar. 31, 1994) (citing *Caribbean Marine Service Co., Inc.*, 844 F.2d 668, 675 (9th Cir. 1988) (emphasis in original) ("irreparable harm to good will and reputation must be *demonstrated,* not merely alleged"); *see also Nken*, 557 U.S. at 434 (citation and quotation marks omitted) ("simply showing some possibility of irreparable injury fails to satisfy the second factor.").

The law sets a high bar to obtain the preliminary relief. As plaintiffs must establish all the *Winter* factors to obtain preliminary relief, the Court need not address the remaining factors. *See Vargas v. Viacom Int'l, Inc.*, 366 F. Supp. 3d 578, 584 (S.D.N.Y. 2019) ("For lack of a demonstrated irreparable harm in the absence of an injunction, the remaining requirements for a preliminary injunction need not be addressed.").

## III. CONCLUSION

For the reasons above, plaintiffs' Emergency Motion for a Mandatory Preliminary Injunction and Reinstatement (Dkt. 287) is **DENIED**.

Dated this 18th day of November, 2026.

Theresa L. Fricke
United States Magistrate Judge